## TOWN OF WHITE BEAR v. CITY OF WHITE BEAR LAKE.

168 N. W. (2d) 263.

May 16, 1969—No. 41498.

*Newcome, Wallace & Newcome* and *Thomas W. Newcome,* for appellant.

*Wille & Wille, Robert F. Wille, Jr., Thomas, King, Swenson & Collatz,* and *Paul C. Thomas,* for respondent.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *Julian Hook,* Special Assistant Attorney General, for the commission, amicus curiae.

SHERAN, JUSTICE.

Appeal from an order of the district court denying a motion of the city of White Bear Lake for amended findings or a new trial.

On September 10, 1965, pursuant to Minn. St. 414.03, subd. 2, the city of White Bear Lake notified the town of White Bear of its intention to annex by ordinance certain land located in the town. Seventy-five percent of the land in question is bordered on three sides by the city. The town objected. The city then requested the Minnesota Municipal Commission to schedule a hearing on the proposed annexation.

In response to the request and in accordance with the hearing provisions of § 414.04, the commission held hearings, and, on November 30, 1966, filed its findings and ordered that the land be annexed to the city. The town appealed this order to the District Court of Ramsey County.

On February 5, 1968, following a trial at which the evidence consisted of the record before the commission, the district court filed its findings and held that the commission's order was unlawful for the reason that it did not provide for an election as required by law. It remanded the case to the commission for further proceedings in accordance with the court's decision.

The issue for decision on appeal is whether an election and favorable vote of area resident voters in a township is required before annexation becomes effective where, pursuant to § 414.03, subd. 2, the city serves notice of intent to annex by ordinance adjoining township land, 75 per-

cent of which is bordered on three sides by the city, and, following objection by the town and a city-requested hearing, the commission orders annexation. We hold that an election is not required.

The proceedings for annexation were initiated pursuant to § 414.03, subd. 2, hereinafter referred to as the 75-percent provision. It provides in part:

"* * * If the land is 75 percent or more bordered on three sides by a municipality such land may be annexed by serving notice of intent upon the township and giving them 60 days to file objections if any. If no objections are forthcoming within the said 60 day period such land may be annexed by ordinance. If there are objections a municipality may request the municipal commission to conduct hearings according to section 414.04, and the commission may after proper hearing order or deny the annexation."

Minn. St. 414.03 provides for the annexation of unincorporated property to a municipality. Petitions initiated pursuant to subd. 1 require a possible hearing and notice under subd. 3, an order of the commission under subd. 4, and a possible election under subd. 5. These four subdivisions constitute the *petition* procedure for annexing unincorporated property. Subd. 2, which includes the 75-percent provision, establishes the *ordinance* procedure for annexation.

Subd. 5[1] which provides for an election applies only when a petition for annexation is employed. When subd. 2, annexation by ordinance, is used, there is no petition involved in the proceedings. We have considered the suggestion that the request for a commission hearing by the municipality be treated as a petition but we do not think the legislature so intended.

We have been unable to find a clear reason why § 414.03, subd. 2, refers to the hearing provisions under § 414.04 rather than § 414.03, but whatever the reason, we do not think it was intended thereby to permit

---

[1] Minn. St. 414.03, subd. 5, provides in part: "Where the petition for annexation has not been initiated by a majority of the land-owners in number within the area to be annexed, the order of the commission affirming the petition for annexation shall fix a day * * * after the entry of such an order, when an election shall be held at a place designated by the commission within the area to be annexed."

voters of an area to veto an annexation order under the 75-percent provision at an election.

Reversed.