## VILLAGE OF NORWOOD AND OTHERS v. CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

178 N. W. (2d) 704.

June 26, 1970—No. 42093.

408

*Stringer, Donnelly & Sharood* and *A. James Dickinson,* for appellant.

*Robert A. Nicklaus,* for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and James F. Murphy, JJ.

NELSON, JUSTICE.

This appeal involves a proceeding commenced by the Chicago and Northwestern Railway Company to abandon and remove its railroad grade crossing and electric signal flashers at Old Highway No. 212 at Norwood, Minnesota.

After a public hearing the Public Service Commission filed a proposed decision granting the petition of the railway company. Thereafter, following oral argument, the full commission unanimously made its final order granting the petition.

Respondents, the village of Norwood, District School Board No. 108, and the Board of County Commissioners of Carver County, appealed from the final order to the district court. After hearing the matter, the court set aside the commission's order following a determination that there was no necessity for the abandonment and removal of the crossing, and that the Public Service Commission's order for removal of the crossing was unlawful and unreasonable and not supported by the findings of the commission. The railway company appeals to this court from the judgment of the district court vacating the order of the commission.

Prior to 1958 State Trunk Highway No. 212 was a two-lane highway extending in an east-west direction through and along a business street in the village of Norwood. Many years after the establishment of Highway No. 212, a new four-lane highway was constructed and designated as New State Highway No. 212. New State Highway No. 212 also runs in an east-west direction and bypasses the village of Norwood and Old Highway No. 212 to the north. The two highways intersect at a point east of the village.

The Chicago and Northwestern Railway Company maintains a track which lies generally to the east of the village of Norwood and runs in a general north-south direction, crossing New State Highway No. 212 at a point approximately 800 to 900 feet north of where the track crosses Old Highway No. 212. The railway company maintains standard flashing light signals with rotating stop signs at both crossings.

The Public Service Commission found that Old Highway No. 212 provides a convenient access for the village of Norwood to New Highway No. 212 and points east of Norwood. It found, however, that adequate access is provided at other points along

New Highway No. 212 that can be used with little or no inconvenience to the traveling public.

The commission further found that if the crossing were to be retained the signal system would have to be reconstructed or rehabilitated at a cost of approximately $3,000. The commission thus granted the petition on the grounds that maintenance of the crossing was a convenience but not a necessity for the traveling public.

■ Minn. St. 219.27, which appears to be the statutory provision vesting the Public Service Commission with authority to vacate a grade crossing upon petition, provides in pertinent part as follows:

"When it is desired, either by the public officials having the necessary authority or by the railway company operating the railroad, to vacate or relocate any crossing of a public highway and a railroad, and an agreement cannot be reached between such public officials and the railway company, either as to the necessity for such vacation or relocation, or as to the place, manner of construction, or a reasonable division of expense in the case of a relocation, either party may file a petition with the commission * * *."

It thus appears that one of the requirements for the vacation of a railroad grade crossing over a public highway is that there be a necessity for such vacation.

■ Minn. St. 216.25 provides that the commission's findings "shall be prima facie evidence of the matters therein stated, and the order shall be prima facie reasonable, and the burden of proof upon all issues raised by the appeal shall be on the appellant." The section further states that if the court finds that the order appealed from "is lawful and reasonable, it shall be affirmed and the order enforced as provided by law. If it shall be determined that the order is unlawful or unreasonable, it shall be vacated and set aside."

The function of the district court on appeal from an order of

the commission is well expressed in N. P. Ry. Co. v. Village of Rush City, 230 Minn. 144, 153, 40 N. W. (2d) 886, 891, where we said, quoting State and R. & W. Comm. v. Minneapolis & St. L. R. Co. 209 Minn. 564, 571, 297 N. W. 189, 193:

"* * * The district court does not have the power on appeal or otherwise to exercise legislative or administrative power. On appeal from an order of the commission the court examines the whole matter in controversy to determine whether the evidence reasonably tends to support the findings of fact upon which the order must be based and to examine the questions of law arising from such facts. In deciding an appeal, the court, for lack of power, does not assume to exercise the functions of the commission and to substitute its own findings for those of the commission. Nor does it act on its own conception of the wisdom of the order brought before it for review. It decides only the judicial questions whether the order is reasonably supported by the evidence and whether it is lawful and reasonable. It does not try the case *de novo.* * * *

"The lawfulness and reasonableness of the commission's order is to be tested by whether it kept within its jurisdiction, whether in arriving at its decision it was guided by the controlling rule of law (in this case the statute) or acted capriciously and at pleasure, and whether the evidence fairly supports the findings on which its conclusions rest."

See, also, State and Port Authority of St. Paul v. N. P. Ry. Co. 229 Minn. 312, 39 N. W. (2d) 752; State v. Chicago & N. W. Ry. Co. 246 Minn. 403, 75 N. W. (2d) 411; North Suburban Sewer Dist. v. Water Pollution Comm. 281 Minn. 524, 162 N. W. (2d) 249; Twin City Motor Bus Co. v. Rechtzigel, 229 Minn. 196, 38 N. W. (2d) 825; Dahlen Transport, Inc. v. Hahne, 261 Minn. 218, 112 N. W. (2d) 630; Monson Dray Line, Inc. v. Murphy Motor Freight Lines, 259 Minn. 382, 107 N. W. (2d) 850.

■ In light of the rule governing appeals to the district court, the question considered on appeal to this court is whether all of

the evidence, including the evidence submitted to the commission as well as that submitted to the district court, reasonably sustains the district court's findings on the issue of whether the commission's order was lawful and reasonable.

In State v. Duluth, M. & I. R. Ry. Co. 246 Minn. 383, 75 N. W. (2d) 398, 401, Mr. Justice Knutson, speaking for this court, held:

"On appeal to the district court from an order of the Railroad and Warehouse Commission, the function of the district court is to judicially determine whether the order is reasonable and lawful. In the determination of these questions the court must consider all the evidence before it in the same manner as an appellate court considers the findings of a jury.

\* \* \* \* \*

"On appeal from an order of the district court reviewing an order of the Railroad and Warehouse Commission, the function of this court is to determine whether all the evidence, inclusive of the evidence submitted to the trial court, sustains the findings of the district court that the order was reasonable and lawful.

\* \* \* \* \*

"The burden rests on appellant to overcome the prima facie effect that must be given an order of the Railroad and Warehouse Commission. The evidence to overcome such order must be clear and convincing."

■ In the instant case the commission found that the crossing at Old Highway No. 212 was convenient but not necessary for the traveling public. The evidence adduced at the hearing and the oral arguments sustains such finding. However, under § 219.27, an order for removal or abandonment of a railroad grade crossing must be based upon a finding that there is a necessity for such removal or abandonment rather than on a finding that there is no longer a necessity for the public to cross its tracks.

■ The district court found no evidence in the record supporting vacation of the crossing as necessary to afford public safety.

There are no facts disclosed to support a finding that Old Highway No. 212's crossing is more hazardous than any other crossing. The court noted that some evidence was present regarding the cost of reconstructing the signal equipment on the old crossing, but did not perceive how an order to vacate the crossing could be justified if based exclusively on a cost factor. The court pointed out that if the cost of maintaining the crossing is a proper consideration as to necessity, the record does not disclose the financial condition of the railway company from which a conclusion of necessity could be drawn. Thus, since the court could find no evidence proving the necessity of abandoning and removing the crossing, it held that the order of the commission was unlawful and unreasonable.

The evidence upon which the district court reached its conclusion is as follows: There are no farms, residences, or industrial concerns located on Old Highway No. 212 between appellant's tracks and the intersection of Old Highway No. 212 and New Highway No. 212. Between the village of Norwood and the railway tracks, there are three streets providing access from the village to the new highway. The county highway engineer testified that one of these streets was not safe or convenient since the traffic which would have used Old Highway No. 212 from the east must, if the old highway is closed, instead cross two eastbound lanes of traffic on New Highway No. 212 to enter the village. There are no scheduled users of the old highway and there is no testimony that the highway is necessary for use by police or fire facilities. However, the superintendent of schools testified that school buses frequently use the old highway for extracurricular events.

A traffic count made on Old Highway No. 212 on Saturday, October 8, 1966, revealed that during a 24-hour period 355 automobiles, 2 buses, and 41 trucks used the railway grade crossing. Another traffic count taken Sunday, August 28, 1966, revealed that traffic using the township road at the east end of Old Highway No. 212, which turns left toward the village of Norwood

on the old highway, totaled 5 cars, and, similarly, traffic turning left from the township road onto New Highway No. 212 also totaled 5 cars.

The mayor of the village of Norwood testified that the village would lose some of its business to the town of Young America, Minnesota, if the old highway were closed. Furthermore, a great deal of residential expansion in Norwood is contemplated.

With regard to a potential safety hazard which may be attributable to the crossing, there was no testimony whatsoever concerning accident figures, height or grade level of the road, or other conditions affecting safety. The railway company operates only one train per day over this track.

In light of the above evidence, we conclude that the record sustains the district court's conclusions that the order of the Public Service Commission for vacation and removal of the grade crossing at Old Highway No. 212 is unlawful and unreasonable and that the order is not supported by the findings. Our conclusion is supported by our holding in N. P. Ry. Co. v. Village of Rush City, *supra*. In that case we affirmed a district court judgment setting aside and vacating an order of the Railroad and Warehouse Commission closing a railroad grade crossing. The commission's findings in that case, as in the instant case, did not include a specific finding that the closing of the crossing was necessary although, unlike the present case, the commission there found that in the interest of public safety the crossing should be closed. There the lower court's memorandum stated (230 Minn. 152, 40 N. W. [2d] 890):

"The evidence sustains the findings of fact stressed by respondent [village] but our view is that the findings did not warrant the making of the order made by the Commission. The findings do not justify the order and for that reason it is unlawful and unreasonable."

That analysis is applicable to the commission's order in the instant case.

Since the district court properly considered only the judicial questions of whether the order was reasonably supported by the evidence and whether it was lawful and reasonable, and since its conclusions that there was no necessity for the vacation and removal of the crossing and that the order of the commission was unlawful and unreasonable are sustained by the record herein, its determination is affirmed.

Affirmed.