IN RE PETITION FOR ANNEXATION OF LAND
TO CITY OF GLENCOE.
CITY OF GLENCOE v. ARNOLD W. BENEKE
AND OTHERS.

179 N. W. (2d) 279.

August 7, 1970—No. 42225.

*Arnold W. Beneke,* pro se, *Richard D. Genty,* and *Bruce A. Beneke,* for appellants.

*Gavin & Gavin Ltd., Edward J. Gavin,* City Attorney, *Gislason, Reim, Alsop & Dosland,* and *Donald Alsop,* for respondent.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solici-

tor General, and *Richard B. Riley,* Special Assistant Attorney General, for Minnesota Municipal Commission, amicus curiae.

NELSON, JUSTICE.

Appeal from a district court judgment affirming an order of the Minnesota Municipal Commission annexing certain land to the city of Glencoe.

Briefly, the facts are: On or about March 26, 1968, the city of Glencoe served notice on the town of Glencoe of its intention to annex land located in the town known as Glenview Woods. The town board of the town of Glencoe duly objected to the annexation. City-requested hearings were held in May and September of 1968 before the Minnesota Municipal Commission which ultimately ordered the annexation.

The proceedings for annexation were commenced pursuant to Minn. St. 1967, § 414.03, subd. 2, which provided a means by which a municipality may annex land which is 75 percent or more bordered on three sides by the municipality merely by serving notice of intent upon the township, and if no objections to the annexation are received from the township within 60 days, completing the annexation by passing an ordinance to that effect. Section 414.03, subd. 2, also provided that if objections are received, hearings are to be held before the Minnesota Municipal Commission pursuant to § 414.04, and the commission may thereafter order or deny the annexation.

In the instant case, apparently the subject area known as Glenview Woods was originally abutted on the north and west by the city of Glencoe. Prior to the instant annexation, the city annexed a portion east of the subject land by adoption of Ordinance No. 213. Thus, 75 percent or more of Glenview Woods became bordered on three sides by the city of Glencoe.

Following the action by the Minnesota Municipal Commission ordering annexation, several resident landowners of Glenview Woods appealed to the district court in accordance with Minn. St. 414.07, contending that the commission had no jurisdiction

to order annexation; that the order is arbitrary, fraudulent, capricious, or oppressive or in unreasonable disregard of the best interests of the territory affected; and that the order is based upon an erroneous theory of law.

Appellants completely overlook the fact that the adoption of Ordinance No. 213 was a legislative act of the governing body of the city of Glencoe that will not be overturned or overruled by a court. For authorities in support of the position taken by the city of Glencoe herein, see 13A Dunnell, Dig. (3 ed.) §§ 6761, 6763, and 6765; 37 Am. Jur., Municipal Corporations, §§ 172, 179, 182, and 286.[1]

The district court found that appellants could not collaterally attack the ordinance which was adopted on December 4, 1967, and established the so-called "third side" of Glenview Woods, thereby bringing this matter within the 75-percent provision of the statute for reasons set forth in its memorandum:

"* * * Here, appellants, as parties aggrieved by the adoption of Ordinance 213, failed to appeal that adoption within the statutory period allowed. They cannot now be allowed to collaterally attack such adoption in these subsequent proceedings without making the limitation statute a nullity."

The court below also found that the order was not arbitrary, fraudulent, capricious, or oppressive and was in the best interests of the territory affected, and accordingly affirmed the commission's decision.

The following issues are presented for determination on this appeal: (1) Where pursuant to Minn. St. 1967, § 414.03, subd. 2,

---

[1] See, also, Note, 50 Minn. L. Rev. 911, which treats of Minnesota's new system under Minn. St. c. 414, which established new substantive and procedural standards for incorporation, annexation, consolidation, and detachment and created the Minnesota Municipal Commission with statewide authority to administer these standards, the underlying purpose being to facilitate the orderly growth of municipalities and to alleviate the problems of urban sprawl.

a city serves notice of intent to annex by ordinance adjoining township land, 75 percent of which is bordered on three sides by the city, and following objection by the township and a hearing, the commission orders annexation, is an election and favorable vote of the area resident voters in a township required before the annexation becomes effective? (2) Should the Minnesota Municipal Commission in its hearings regarding the subject area have received evidence concerning the validity of the city ordinance which established the "third side"? (3) Was the order of the commission arbitrary, capricious, fraudulent, or oppressive, or not in the best interests of the territory affected?

The case of Town of White Bear v. City of White Bear Lake, 283 Minn. 388, 168 N. W. (2d) 263, fully and adequately disposes of appellants' contention that an election is required. There the city of White Bear Lake notified the town of White Bear of its intention to annex by ordinance certain land located in the town. Seventy-five percent of the subject land was bordered on three sides by the city. The town objected and city-requested hearings held before the Minnesota Municipal Commission in accordance with the hearing provisions of Minn. St. 1967, § 414.04, resulted in an order for annexation. The town appealed to the district court, which held that the commission's order was unlawful for the reason that it did not provide for an election. The supreme court reversed, stating that an election is required only when annexation proceedings are initiated by petition. When annexation by ordinance procedure is used, no petition is involved in the proceedings, and thus no election is required. The White Bear case is directly in point and no subsequent decision by this court has challenged its holding.

In the case at bar, the Minnesota Municipal Commission and the district court found that the land to be annexed is 75 percent or more bordered on three sides by the city of Glencoe. Appellants contend that they can attack the validity of the ordinance which created the "third side." They argue that if they are denied this right, then they will have no forum in which to ex-

press their rights and therefore they will be denied due process of law. We disagree in two respects. First, regardless of the procedures used for annexation, appellants still have the right to challenge the merits of the annexation, both before the Minnesota Municipal Commission and on appeal before the district court. Since the right to vote is removed by the legislature when annexation by ordinance is the procedure involved, this right of appeal to the courts is even more valuable. Secondly, appellants are not denied recourse to the courts in light of the existence of Minn. St. 555.02, which provides parties with the right of declaratory judgment. This statute provides:

"Any person * * * whose rights, status, or other legal relations are affected by a * * * municipal ordinance * * * may have determined any question of construction or validity arising under the * * * ordinance * * * and obtain a declaration of rights, status, or other legal relations thereunder."

A declaratory judgment action is a proper proceeding to test the validity of an annexation proceeding. Town of Burnsville v. City of Bloomington, 264 Minn. 133, 117 N. W. (2d) 746. It is not necessary that the party bringing the action is a resident of the land to be annexed by ordinance where, as here, he lives in an area 75 percent or more bordered on three sides by a municipality, thereby becoming subject to annexation pursuant to Minn. St. 1967, § 414.03, subd. 2. We deem a person in this position to be a person whose legal relations are affected by a municipal ordinance under the Minnesota Declaratory Judgments Act.

It is a policy under the law that disputes must terminate some time, and that there must be finality to judicial and quasi-judicial determinations. If the determination of the validity of one ordinance could be held in abeyance for several years until it could be challenged along with an additional ordinance providing for annexation, the Minnesota Municipal Commission and the statute under which it was created would be frustrated in the attempt to construct meaningful urban communities.

Appellants' final contention is that the commission's order is not sustained by the evidence and that the action of the commission is arbitrary and not in the best interests of the area affected.

Minn. St. 414.07 provides that the district court on appeal may vacate or suspend the action of the commission if it determines that its action is unlawful or unreasonable or is not warranted by the evidence in case a fact issue is involved. The statute embodies the case law governing the scope of judicial review of administrative orders. North Suburban Sewer Dist. v. Water Pollution Comm. 281 Minn. 524, 162 N. W. (2d) 249; State v. Duluth, M. & I. R. Ry. Co. 246 Minn. 383, 75 N. W. (2d) 398, appeal dismissed, 352 U. S. 804, 77 S. Ct. 46, 1 L. ed. (2d) 38; N. P. Ry. Co. v. Village of Rush City, 230 Minn. 144, 40 N. W. (2d) 886.

In light of the rule governing appeals to the district court, the function of the supreme court on appeal is to determine whether the evidence sustains the district court's findings that the order of the commission was not unlawful or unreasonable and was warranted by the evidence. Village of Norwood v. Chicago & N. W. Ry. Co. 287 Minn. 407, 178 N. W. (2d) 704; Monson Dray Line v. Murphy Motor Freight Lines, 259 Minn. 382, 107 N. W. (2d) 850; Twin City Motor Bus Co. v. Rechtzigel, 229 Minn. 196, 38 N. W. (2d) 825.

Although there were several evidentiary conflicts in the instant case, the district court's finding that the order of the commission was neither unlawful nor unreasonable is amply supported by the evidence.

Affirmed.

ROGOSHESKE, JUSTICE (concurring specially).

I concur in the result.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.