MEMORANDUM AND ORDER

**Elizabeth HAGEN et al., Plaintiffs,**

v.

**ST. PAUL BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT No. 625 et al., Defendants.**

**No. 3–71–Civ–126.**

United States District Court,
D. Minnesota,
Third Division.

Nov. 26, 1971.

DEVITT, Chief Judge.

This is an action brought by four teachers against the Board of St. Paul Independent School District 625 and individual members of this board. Jurisdiction is sought under the Civil Rights Act, 42 U.S.C. § 1983 and its counterpart, 28 U.S.C. §§ 1343(3) & (4). Plaintiffs have asked that a three-judge court be convened pursuant to 28 U.S.C. §§ 2281 & 2284, that the case be advanced on the docket, and that temporary and permanent injunctions be issued restraining defendants from depriving plaintiffs of their rights and privileges as citizens of the United States and the State of Minnesota. Plaintiffs have further asked that M.S.A. § 125.17(2) insofar as it fails to provide for a pre-termination hearing or specification of the reasons for nonrenewal of the contracts of non-tenure teachers be declared unconstitutional on the ground that it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

The parties have agreed to a stipulation of facts of which the following is a brief summary. Each of the plaintiffs was employed during the 1970–71 school year by defendant school district. None of the plaintiffs had acquired tenure under M.S.A. § 125.17, and in April of 1971 plaintiffs were notified that the board would not renew their teaching contracts for the 1971–72 school year.[1] Plaintiffs received no hearing on the nonrenewal of their contracts nor were they furnished any reasons justifying the board action.

Plaintiffs do not contend that their dismissals were based on impermissible constitutional grounds but predicate their due process claims on the allegation that without prior hearing or a specification of the reasons for nonrenewal

---

1. M.S.A. § 125.17(2) provides, "All teachers in the public schools in cities of the first class during the first three years of consecutive employment shall be deemed to be in a probationary period of employment during which period any annual contract with any teacher may, or may not, be renewed as the school board shall see fit. * * *"

of their contracts they were not able to determine if in fact their dismissal was based on such impermissible grounds.

 It is clear that when a request for a three-judge court is made under 28 U.S.C. § 2284, it is the duty of the district judge to whom the application is presented to determine as a preliminary matter whether subject matter jurisdiction is present. Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1934); Eastern States Petroleum Corp. v. Rogers, 108 U.S.App.D.C. 63, 280 F.2d 611 (D.C.Cir. 1960), cert. denied, 364 U.S. 891, 81 S.Ct. 222, 5 L.Ed.2d 187 (1960); See generally, H. Ammerman, Three-Judge Courts: See How They Run, 52 F.R.D. 293 (1971).

The jurisdictional statute upon which plaintiffs rely provides that the district courts have original jurisdiction in civil actions commenced, "(3) To redress the deprivation, under color of any State law, * * * of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." In addition, this section provides for federal jurisdiction where the action is "(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." Thus, to support plaintiffs' jurisdictional allegations there must be (1) a deprivation under color of state law and (2) a right, privilege, or immunity secured by the Constitution or an act of Congress. The action under color of state law is obvious here but the existence of a right, privilege, or immunity secured by the Constitution or an act of Congress is in doubt. Case law has limited jurisdiction under Sections 1983 and 1343 to those cases where "the right or immunity [involved] is one of personal liberty, not dependent for its existence upon the

infringement of property rights." Hague v. CIO, 307 U.S. 496, 59 S.Ct. 954, 971, 83 L.Ed. 1423 (1939) (Opinion of Mr. Justice Stone); Rhodes v. Sigler, 448 F. 2d 1237 (8th Cir. 1971); Kostohryz v. Hursh, 329 F.Supp. 319 (D.Minn.1971).

It has been held that not every dismissal of a public employee involves such a protectable right of personal liberty. "Although every dismissal for reasons other than reduction in the work force can be said to have some impact on future employability * * * in the absence of a clear, immediate and substantial impact on the employee's reputation which effectively destroys his ability to engage in his occupation, it cannot be said that a right of personal liberty is involved." Tichon v. Harder, 438 F. 2d 1396, 1402 (2d Cir. 1971).[2]

In addition, the Eighth Circuit has held that, with certain limitations, the requirements of due process do not apply to the non-retention of a public school teacher who is without tenure. Absent such tenure or a right to retain the position except for cause, a public employee has no protectable right to continue public employment with the exception that, " * * * he may not be dismissed or failed to be rehired for impermissible constitutional reasons, such as race, religion, or the assertion of rights guaranteed by law or the Constitution. * *" Freeman v. Gould Special School District, 405 F.2d 1153, 1159 (8th Cir. 1969), cert. denied, 396 U.S. 843, 90 S.Ct. 61, 24 L.Ed.2d 93 (1969). See also, Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971); Thaw v. Board of Public Instruction, 432 F.2d 98 (5th Cir. 1970); and Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969), cert. denied, 397 U.S. 991, 90 S. Ct. 1111, 25 L.Ed.2d 399 (1970).

 Here it has been stipulated that plaintiffs do not have tenure nor do they appear to have any statutory right to the hearing they seek.[3] A plain read-

---

2. Plaintiffs here have not shown any clear, immediate and substantial impact on their reputation effectively destroying their ability to engage in their occupation.

3. Although the Minnesota Supreme Court has not passed upon this specific point, the court in Pearson v. Independent School District No. 716, 188 N.W.2d 776

ing of the statute involved clearly negates the existence of any expectancy of reemployment on the part of the plaintiffs. In light of the cases cited above, I am of the opinion that plaintiffs have shown no right of personal liberty upon which jurisdiction here may be based.

Therefore plaintiffs' complaint is dismissed for lack of subject matter jurisdiction.

. (Minn.1971), held that a companion statute which pertained to school districts located in other than cities of the first class did not require that a hearing be held for a probationary teacher whose contract was terminated at the end of a school year. This decision did not reach the constitutional issue of the right of a probationary teacher to such a hearing, nor did it involve M.S.A. § 125.17.