Patrick **DOYLE** et al., Plaintiffs,

v.

**MUNICIPAL COMMISSION OF** the **STATE OF MINNESOTA** et al., Defendants.

No. 3–72–Civ–40.

United States District Court,
D. Minnesota,
Third Division.
April 11, 1972.

Keith D. Kennedy, St. Louis Park, Minn., for plaintiffs.

Warren Spannaus, Atty. Gen. and Philip W. Getts, Sp. Asst. Atty. Gen., St. Paul, Minn., for defendant Municipal Commission, Robert W. Johnson, Robert J. Ford and Harold Dahl.

Charles Richardson, Red Wing, Minn., for defendant City of Red Wing, Minnesota.

Richard W. Johnson, Red Wing, Minn., for defendants R. L. Tanner and Walter F. Charlson.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This is an action brought by certain residents, voters and taxpayers of the City of Red Wing, Minnesota, who were formerly residents of the Township of Burnside, Minnesota, against the Minnesota Municipal Commission, an agency of the State of Minnesota, created under Minnesota Statutes Annotated Chapter 414, individual members of the Commission, the County Auditor and Treasurer for Goodhue County, Minnesota, and the City of Red Wing. In essence plaintiffs seek to overturn the order of the Commission dated April 9, 1971 insofar as that order approved the consolidation of the Township of Burnside with the City of Red Wing.

A cause of action is alleged under the Civil Rights Act, 42 U.S.C. § 1983 and jurisdiction is sought under 28 U.S.C. § 1343(3) and (4), as well as under 28 U.S.C. § 1331. Plaintiffs have asked that a three-judge court be convened pursuant to 28 U.S.C. §§ 2281 and 2284, that the case be advanced on the docket and that injunctive relief be granted restraining the Commission from enforcing M.S.A. Chapter 414 and restraining defendants Tanner, Charlson and the City of Red Wing from assessing or collecting taxes on property of plaintiffs as these taxes would be determined in light of the consolidation.

Plaintiffs have further asked that Chapter 414 be declared unconstitutional on the grounds that in its operation it violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

The facts are not in dispute. The proceedings before the Commission were instituted upon the petition of certain residents of Burnside and a resolution of the Red Wing City Council. Additional petitions requesting in the alternative, incorporation of Burnside and annexation of the Township to the City of Red Wing were filed by the Township. The petitions were consolidated for hearing and the matter was heard in late 1970. The Township, which opposed consolidation and the City, the Burnside Community Development Association and the petitioners, all of whom were proponents of consolidation, appeared before the Commission. On April 9, 1971, the Commission entered its findings and conclusions denying the

annexation and incorporation petitions and granting the petition to consolidate the two communities.

On April 14, 1971, the Township filed notice of appeal in the state district court alleging that the order of the Commission and the statute upon which this order was based violated the Due Process and Equal Protection Clauses. Both the Commission and the City joined in defense of the Commission's order and the Township appeared as appellant. On October 13, 1971, the state district court affirmed the order of the Commission and rejected the argument that either the procedures followed by the Commission or the underlying statute were unconstitutional. The Township did not appeal this decision. Plaintiffs, including former residents of the Township and a member of the Township Board then instituted the present action. An order to show cause was issued and on March 20, 1972, after hearing, the court denied plaintiffs' motion for a temporary restraining order under 28 U.S.C. § 2284(3).

The statute in question, M.S.A. Chapter 414, provides for the creation of the Minnesota Municipal Commission,[1] procedures to be followed before the Commission,[2] standards to be applied by the Commission,[3] and appeals to the state courts.[4] Plaintiffs contend that since the members of the Commission are nonelective and since the Commission may order consolidation, in effect extinguishing the Township without the concurrence of a majority of the residents of that Township, the statute effects a denial of due process and equal protection by denying to the citizens affected the right to vote on their form of government. Plaintiffs further contend that insofar as the statute fails to provide for judicial review prior to the completion of administrative action and provides inadequate judicial review of the Commission decision once it is made, this also constitutes a denial of procedural due process.

It is clear that when a three-judge court is sought, the district judge to whom the application is presented must make a preliminary determination whether the statute authorizing the convening of a three-judge court should be brought into play. Section 2281 does not require a three-judge court and the single judge may dismiss the action for lack of subject matter jurisdiction, "when the claim that [the] statute is unconstitutional is wholly insubstantial, legally speaking nonexistent." Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512 (1962); Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1934); Eastern States Petroleum Corp. v. Rogers, 108 U.S.App.D.C. 63, 280 F.2d 611 (1960), cert. denied, 364 U.S. 891, 81 S.Ct. 222, 5 L.Ed.2d 187 (1960); Hagen v. St. Paul Board of Education, etc., 333 F.Supp. 1355 (D.Minn.1971); *See generally*, H. Ammerman, Three-Judge Courts: See How They Run, 52 F.R.D. 293 (1971). Here plaintiffs' federal constitutional claims are insubstantial.

Although the Fourteenth Amendment does prevent a state from manipulating political subdivisions so as to defeat a federally protected right, Gomillion v. Lightfoot, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1960), the cases hold that absent any infringement of such a right the state governments have vast leeway in the management of their internal affairs. Sailors v. Board of Education, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967). Dealing specifi-

1. M.S.A. § 414.01(1).

2. M.S.A. §§ 414.02–414.041.

3. Id.

4. M.S.A. § 414.07 This section provides that, "Any person aggrieved by any incorporation, annexation, detachment, or . . . order of the commission may appeal to the district court . . . ." The section also provides that, "An appeal lies from the district court to the supreme court in accordance with the provisions of Minnesota Statutes, Chapter 605."

cally with claims similar to those of plaintiffs, the courts have long held that there is no absolute right under the due process clause to vote on a proposed alteration of political boundaries. Hunter v. City of Pittsburgh, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907); Adams v. City of Colorado Springs, 308 F.Supp. 1397 (D.Colo.1970), aff'd., 399 U.S. 901, 90 S.Ct. 2197, 26 L.Ed.2d 555 (1970).

■ In addition, provisions relating to judicial review of annexation proceedings are not subject to attack on constitutional grounds unless they are so arbitrary and unreasonable as to constitute a denial of due process. *cf.*, International Harvester Co. v. Kansas City, 308 F.2d 35 (10th Cir. 1962), cert. denied, 371 U.S. 948, 83 S.Ct. 503, 9 L.Ed.2d 498 (1963); *Adams, supra.* I cannot say that the issue plaintiffs raise in regard to the review procedures found in Chapter 414 constitutes a substantial federal constitutional question.[5]

Plaintiffs' final ground for attack on the statute is that it results in a denial of equal protection since, "As the Chapter relates to consolidation, it denies citizens of equal protection of the law by denying citizens the right to vote. . . ."[6] Plaintiffs' allegations as to this denial of equal protection are at best cryptic. A substantial issue involving equal protection is raised by showing that a statutory classification may rest on grounds wholly irrelevant to the achievement of a valid state objective or may involve invidious discrimination. Lindsey v. Normet, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972); Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). Plaintiffs have failed to make sufficient showing to raise a substantial equal protection issue.

Therefore, since I find plaintiffs' constitutional claims to be insubstantial, I order that the action be, and hereby is, dismissed for lack of subject matter jurisdiction.

5. Plaintiffs urge that since the order of the Commission is not stayed pending appeal, upon the effective date of the order the township loses its identity and thus there remains no effective appeal right as there is no legal entity to continue with the appeal. But this position, while it appears to have merit at first blush, is in reality insubstantial. The Minnesota Supreme Court has held that once annexation proceedings have been commenced, the residents and taxpayers may intervene in these proceedings. Town of Burnsville v. City of Bloomington, 264 Minn. 133, 117 N.W.2d 746 (1962); *See also*, City of Glencoe v. Beneke, 288 Minn. 190, 179 N.W.2d 279 (1970). Thus plaintiffs might have intervened in the proceedings before the Commission. The statute, *supra*, note 4, provides that "any person aggrieved" by an order of the Commission may appeal this order to the state district court. Finally, it appears that despite the explicit provisions of M.S.A. § 414.07(2) the court in an appeal from a Commission order does have discretionary power to stay the effect of the order pending the appeal. *See* Exhibit A to the affidavit of Charles Richardson, filed in opposition to plaintiffs' motion for a temporary restraining order pending determination of the issues in this case.

6. Complaint, ¶ XIII. Plaintiffs apaprently contend that since under the statute, orders directing annexation are in some situations subject to ratification by those owning property in the area to be annexed while orders directing consolidation are not, the statute denies equal protection of the law to those affected by a consolidation order. *See* M.S.A. §§ 414.021(4) & 414.031(5). *See also, Adams, supra.*