## STATE EX REL. JOHN E. REGAN v. PROBATE COURT OF OLMSTED COUNTY AND OTHERS.[1]

June 2, 1943.

No. 33,576.

[1]Reported in 9 N. W. (2d) 765.

*Regan & Regan* and *Joseph P. O'Hara*, for relator.
*Schacht & Schacht*, for respondents.

PER CURIAM.

This matter is before us on an order to show cause why a writ of prohibition should not issue absolutely restraining the probate court of Olmsted county and the Honorable Bunn T. Willson as judge thereof from entertaining the petition of respondent Madeline E. Patterson for the probate of an instrument purporting to be the last will and testament of one Bernard Alvin Zimmerman, deceased, and from further proceeding with the probate of said estate. The order to show cause was issued on the application of John E. Regan as special administrator of the decedent's estate, which application in substance recites that decedent died at Washington, D. C. on March 31, 1943, and at the time of his death was a resident of St. Paul, Ramsey county, Minnesota; that he left a will bearing date September 18, 1942, naming his wife, Mary Zimmerman, as his sole beneficiary; that on April 7, 1943, a petition was filed in the probate court of Ramsey county, Minnesota, by Mary Zimmerman praying for the appointment of John E. Regan as special administrator of the estate, and at the same time a petition for general administration was filed asking that the said John E. Regan be appointed general administrator; that letters of special administration were duly issued by the probate judge of Ramsey county on April 7, 1943.

The petition further recites that on April 8, 1943, a petition was filed in the probate court of Olmsted county, Minnesota, for the probate of a purported will bearing date March 10, 1943, in which decedent's address was given as Pine Island, Minnesota; and that decedent at the time of his death was not a resident of Goodhue

county, wherein Pine Island is located, or a resident of Olmsted county, wherein said petition for probate was filed.

In his return the judge of probate of Olmsted county admitted that the proceedings in Ramsey county were instituted the day before the filing of a petition in Olmsted county and stated that he would on his own motion "stay the proceedings in Olmsted county until a final determination of the issue of venue and will then continue proceedings only in the event that it shall be determined that the venue shall be in Olmsted County"; that no request had been made for a stay of said proceedings by relator and that if such request had been made he would have granted the stay.

Respondent Madeline E. Patterson, in a separate return, acquiesced in the return of the judge of probate.

In the light of respondents' returns and on authority of In re Estate of Davidson, 168 Minn. 147, 210 N. W. 40, it appears that the order to show cause heretofore issued should be discharged. It is apparent from an examination of the petition, returns, and supporting affidavits that decedent was a resident of Minnesota. Whether he was a resident of Ramsey county or of Olmsted county is a fact in dispute. In any event, the first petition for probate was filed in Ramsey county. That court accepted jurisdiction and has jurisdiction to entertain the question whether decedent was a resident of Ramsey or some other county. The determination of the probate court of Ramsey county of that question is reviewable by appeal or *certiorari*. The probate court of Olmsted county by its return states that it will stay all further proceedings therein pending a determination of the question of venue in Ramsey county. We must assume that the court will do exactly as the return states. It follows that there is no occasion to prohibit that which is not threatened.

Order to show cause discharged.