# ROBERTA GRIER v. ESTATE OF HEAZELTON H. GRIER.

89 N. W. (2d) 398.

April 3, 1958—No. 37,557.

*F. Gordon Wright,* for appellant.
*Loftsgaarden & Loftsgaarden,* for respondent.

MATSON, JUSTICE.

Appeal from a judgment based upon an order granting respondent's motion for judgment on the pleadings which, under M. S. A. 525.72, were filed with the district court in perfecting an appeal from an order of the probate court determining the venue for the administration of decedent's estate to be in Rice County.

The appeal herein was originally taken from the order granting judgment on the pleadings. Subsequent to argument in this court, judgment was entered by stipulation of the parties and appeal taken therefrom in order to avoid any question of appealability.[1]

Two questions arise herein: (1) Whether a guardian of the ward's person may change the domicile of the ward without express authorization from the court; and (2) whether upon an appeal from the probate court to the district court the appellant is entitled to a de novo trial on the merits if the pleadings fail to state a claim upon which relief can be granted.

■ Section 525.72 provides in part that—

"* * * after perfection of the appeal [from the probate court to the district court], the appellant shall file with the clerk of the district court, and serve upon the adverse party or his attorney a clear and concise statement of the proposition, both of law and of fact, upon which he

---

[1]Whether the order granting judgment on the pleadings herein is appealable need not be determined. See, however, In re Estate of Ploetz, 186 Minn. 395, 243 N. W. 383, and compare same with decisions arising subsequent to the adoption of our rules of civil procedure; namely, Royal Realty Co. v. Levin, 243 Minn. 30, 66 N. W. (2d) 5, and House v. Hanson, 245 Minn. 466, 72 N. W. (2d) 874. Cf. Rules of Civil Procedure, Rules 7.01, 12.02, and 12.03, with § 525.72.

will rely for reversal of the order, judgment, or decree appealed from; * * *."

Provision is also made for an answer and a reply. Under this section—

"* * * The district court may allow or require any pleading to be amended, *grant judgment on the pleadings,* or, if the appellant fail to comply with the provisions hereof, dismiss the appeal." (Italics supplied.)

Section 525.72 gives the statement, answer, and reply, which frame the issues on appeal from the probate court, a status equivalent to pleadings, and no issue not presented thereby may be litigated in the district court against objection.[2] Although a district court in the exercise of its appellate probate jurisdiction must determine the issues de novo,[3] it is clear that under § 525.72 the appellant is not entitled to a de novo trial on the merits *if the pleadings fail to state a claim upon which relief can be granted.* Whether it be in an action initially commenced in the district court or in a proceeding brought to that court as a de novo matter by appeal from the probate court, an adversary's motion for judgment on the pleadings is properly granted if, as a matter of law, the appellant is entitled to no relief on the pleadings. Where the pleadings do not warrant the granting of any relief, there is no purpose in conducting a de novo trial on the merits.[4]

In passing on the question of whether the trial court erred in concluding that no relief could be granted on the pleadings, we must assume as true all material facts which are well pleaded. Proceeding on this assumption, the pleadings present these facts: The decedent, sometimes referred to herein as the ward or the decedent ward, was adjudged senile and placed under guardianship by the Hennepin County

---

[2]In re Estate of Stevens, 224 Minn. 102, 27 N. W. (2d) 872; Patton, Minnesota Probate Law and Practice, § 572; Mason's Dunnell, Minn. Probate Law (2 ed.) § 68.

[3]In re Guardianship of Strom, 205 Minn. 399, 286 N. W. 245; In re Estate of Hencke, 220 Minn. 414, 19 N. W. (2d) 718; 15 Dunnell, Dig. (3 ed.) § 7794; Mason's Dunnell, Minn. Probate Law (2 ed.) § 68.

[4]See, 2 Pirsig, Minn. Pleading (4 ed.) §§ 1702 to 1710; 15 Dunnell, Dig. (3 ed.) § 7689; Rule 12.03 of Rules of Civil Procedure.

Probate Court in 1949. He remained under the Hennepin County guardianship until he died in 1956. Originally his brother was appointed his guardian and the ward resided with him in Minneapolis until the latter's death in 1951. At that time the First National Bank of Minneapolis and Derith Grier Hansen (then Derith Grier Thompson) were appointed successor coguardians of the ward's estate. Derith, who was then residing in Minneapolis, was appointed sole guardian of the ward's person.

Late in 1951 or early in 1952, the personal guardian moved to Northfield, Minnesota, in Rice County where she resided with her family. About that time, pursuant to her petition, the Hennepin County Probate Court authorized the personal guardian to place the ward in a rest home near Jordan in Scott County. By the same order the probate court authorized the guardians of the ward's estate to pay the personal guardian an allowance for board, room, and supervisory care while the ward was cared for in her home in Northfield. The ward resided at the rest home till early 1953 when he was moved to the guardian's home in Northfield where the personal guardian cared for him.

Under the jurisdiction of the Hennepin County Probate Court, Derith continued to serve as the ward's personal guardian throughout the ward's lifetime. Although the Hennepin County Probate Court had authorized the payment of an allowance for the support and care of the ward in the personal guardian's home in Northfield,[5] the personal guardian never sought or obtained express permission from that court to change the ward's residence to Northfield. On July 13, 1956, while on a brief visit to Miami, Florida, the ward died.

On July 25, 1956, appellant, Roberta Grier, petitioned the Hennepin County Probate Court for allowance of a purported last will of the decedent ward. On the same day, Derith Grier Hansen petitioned the Rice County Probate Court for allowance of a different and later will of the decedent, executed at the home of Derith in Northfield. There-

---

[5]The reasonable implication is, of course, that the court knew and approved of having the ward live in the personal guardian's home in Northfield. The decision herein is made without considering that implication.

after, Derith petitioned the Rice County Probate Court for an order requiring appellant to show cause why the venue of the respondent estate should not be transferred for probate from Hennepin County to Rice County. The proceedings in Hennepin County were stayed pending the determination of the question of the venue of the estate for probate. The Probate Court of Rice County held that the proper venue for the probate of any purported will of the decedent ward lay in Rice County and ordered that all subsequent proceedings concerning the probate of the estate be had in Rice County. On appeal from that order, the District Court of Rice County granted respondent's motion for judgment on the pleadings dismissing the appeal. The appeal herein is from the judgment of the district court.

■ Did the trial court err in finding that the decedent ward's domicile—and therefore the proper venue for the probate of his will—was in Rice County? Section 525.82 provides that proceedings for the probate of a will shall be had in the county in which the decedent at the time of his death had his residence, and *residence* as used therein means the decedent's domicile or legal residence.[6] Appellant contends that, since the ward was a legal resident of Hennepin County when he was originally declared an incompetent and placed under guardianship, his legal residence could not thereafter be changed to another county within the state by any act of his personal guardian *without first obtaining a court order expressly authorizing such change of legal residence.* In support of this contention appellant cites § 525.56, which provides that a guardian shall be subject to the control and direction of the court at all times and *in all things.* We concur neither in appellant's contention nor in his interpretation of this section. Although § 525.56 subjects a guardian to the supervision of the probate court, it would be unreasonable to infer therefrom a meaning which would require a guardian to obtain express approval for every act relating to the personal care and custody of the ward's person. Any such interpretation would be inconsistent with the purposes and realities of guardianship

[6]In re Estate of Smith, 242 Minn. 85, 64 N. W. (2d) 129; State ex rel. Selover v. Probate Court, 130 Minn. 269, 153 N. W. 520. See, Chapman v. Davis, 233 Minn. 62, 45 N. W. (2d) 822.

administration. Although a guardian is both accountable and responsible to the court for his acts, his statutory authority is not to be construed—in absence of express language so requiring—as placing him in a legal straitjacket which deprives him of all discretion and flexibility in meeting the needs of the ward. Guardianship statutes are designed to provide flexibility and adaptability in caring for the ward according to his changing needs. In construing a statute to ascertain the legislative intent, we must not overlook the object to be attained by the legislation and the consequences of a particular interpretation. § 645.16(4, 6).

Aside from any question of statutory construction, there is no merit in the contention that the ward's domicile (legal residence) could not be changed by the guardian from Hennepin County to Rice County without express court authorization. It is the general rule that the guardian of the person of an incompetent may, without express authorization of the court, change the domicile of the ward from one place or county to another within the state in which the guardian was appointed just as a parent may change the domicile of his child. Of course upon an adequate showing of bad faith or of an arbitrary disregard for the welfare of the ward, the court may restrain or annul an improper change of domicile.[7] In fact the cases cited herein indicate that if the change is made in good faith and for the benefit of the ward a guardian of the person may change the ward's domicile from one state to another, but of course we are here concerned only with an intrastate change of domicile.

Upon the facts established by the pleadings, it follows, as a matter of law, that the ward's domicile was changed from Hennepin to Rice County and that the ward's domicile at the time of his death was in the latter county. The trial court, therefore, did not err in concluding that Rice County was the proper venue for the probate of decedent

[7]See, Townsend v. Kendall, 4 Minn. 315 (412); State ex rel. Raymond v. Lawrence, 86 Minn. 310, 90 N. W. 769, 58 L. R. A. 931; Patton, Minnesota Probate Law and Practice, § 524; Mason's Dunnell, Minn. Probate Law (2 ed.) § 1291; Restatement, Conflict of Laws, § 37, *comments a* and *c*, § 40, *comment e;* In re Guardianship of Waite, 190 Iowa 182, 180 N. W. 159; 17A Am. Jur., Domicil, §§ 82, 83.

ward's will.

Appellant further contends, however, that the trial court erred in granting a judgment dismissing her appeal because, in so doing, it precluded the taking of testimony which would have established as a fact that it was never the intention of the personal guardian to change the ward's residence to Rice County, and that therefore appellant was denied her right to a trial de novo. All offers of evidence to the court involved no showing of proof which would have established any fact not already established by the pleadings themselves. No error occurred.

■ Appellant also contends that there could be no effective change of the ward's domicile from one county to another without simultaneously transferring the venue of the guardianship from Hennepin County to Rice County during the lifetime of the ward. While it is true that proceedings for the appointment of a guardian for a resident ward must be had in the county of the ward's domicile (§ 525.82), there is no requirement that the guardianship venue be transferred whenever there is a subsequent change of the ward's domicile. Moreover, it is not to be overlooked that proceedings in guardianship and proceedings for the probate of the estate of a decedent ward are separate and unrelated proceedings. Indicative thereof is § 525.60, which provides for the termination of the guardianship upon the death or restoration to capacity of the ward.

■ We also have the contention that the personal guardian, by failing to transfer the venue or jurisdiction of the guardianship to Rice County during the ward's lifetime, misled the appellant into assuming that Hennepin County was the residence of the ward at the time of his death, and that the guardian is therefore now estopped from asserting that Rice County was the ward's domicile. The doctrine of estoppel has no application in this case for two reasons. In the first place, it is clear that the proper venue for the probating of an estate is fixed by law, and that even though the personal guardian, or the petitioner for letters of administration, may have done some act which might mislead another person interested in the estate, such act is not determinative of venue and estoppel has no application. In the second place, in order to raise an estoppel in pais, he who claims the estoppel (here the

appellant) must have reasonably and in good faith relied to his detriment upon some act or representation of the other party (here the respondent) or upon the other's silence when there was a duty to speak. Here the appellant has not relied upon any act, representation, or omission of the respondent but only upon her own misconception of the law. Knowledge of the law which is determinative of a change of domicile is imputed to the appellant and she cannot, under the circumstances herein, be heard to say that she was misled as to that law by any act or omission of the respondent.[8]

Any dispute as to whether appellant filed her petition for the probate of decedent's will in Hennepin County before respondent filed a similar petition in Rice County is immaterial. The order in which the petitions were filed is not determinative of the question of the proper venue for the probate of decedent's will but only of the ancillary question as to whether the court of Hennepin County or Rice County should determine the venue of the estate.[9] Appellant has not challenged the right of the Rice County Probate Court to determine the question of venue. Her challenge is directed only to the correctness of that court's determination of venue. It follows that the order of the commencement of the two proceedings is not material to the basic question of venue.

The judgment of the district court is affirmed.

Affirmed.

---

[8]See, 6 Dunnell, Dig. (3 ed.) §§ 3187, 3189.

[9]State ex rel. Regan v. Probate Court, 215 Minn. 322, 9 N. W. (2d) 765.