## TOWN OF STILLWATER AND OTHERS v. MINNESOTA MUNICIPAL COMMISSION AND ANOTHER.

219 N. W. 2d 82.

May 31, 1974—Nos. 44415, 44500.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, *Robert J. Clayton,* Special Assistant Attorney General, *Howard L. Kaibel, Jr.,* and *Harold D. Kimmel, Jr.,* City Attorney, for appellants.

*Gordon C. Moosbrugger,* for respondents town of Stillwater and H. Clay Newman.

*Elmer W. Foster,* for respondents Canfield and others.

*LeVander, Gillen, Miller & Magnuson* and *Paul H. Anderson,* for respondent village of Oak Park Heights.

*Stanley G. Peskar,* for League of Minnesota Municipalities, amicus curiae.

Heard before Sheran, C. J., and Rogosheske, MacLaughlin, Yetka, and Scott, JJ., and considered and decided by the court.

ROGOSHESKE, JUSTICE.

In this declaratory judgment action arising out of proceedings pending before the Minnesota Municipal Commission, the commission appealed pursuant to Rule 103.03(i), Rules of Civil Appellate Procedure, from an order of the district court denying a motion to dismiss for failure to state a claim upon which relief can be granted and certifying the question presented to be important and doubtful.

The commission is an agency of the state vested with authority under Minn. St. c. 414 to conduct proceedings and issue orders regarding incorporation of villages and annexation, consolidation, and detachment of municipal lands. The proceedings involved here concern two petitions requesting annexation of certain lands in the township of Stillwater to the city of Stillwater initiated by all the owners of the lands. Before the commission had completed hearings and issued all final orders in response to the petitions, the town commenced an action in district court for declaratory judgment against the commission. The relief sought was to invalidate the orders of annexation issued by the commission and to enjoin further pending proceedings. The action was based upon allegations essentially claiming that the commission had exceeded its statutory powers and arbitrarily

ordered piecemeal annexation of township property, thus enabling the city of Stillwater to annex additional adjoining township property without affording a hearing and opportunity to vote for or against annexation to owners of lands adjacent to the lands ordered annexed. The district court, in denying the commission's pretrial motion for dismissal of the town's declaratory judgment action, certified the propriety of the denial as important and doubtful. The sole question presented is whether a declaratory judgment action pursuant to Minn. St. c. 555 is available as an alternative remedy to challenge commission annexation proceedings. Because we conclude that a statutory proceeding for judicial review pursuant to § 414.07, subd. 2, is ordinarily the exclusive remedy for challenging commission proceedings and orders requiring commission approval, we reverse and order dismissal of the action for declaratory judgment.

These cases arise from almost 2 years of proceedings before the commission concerning proposed annexations, community planning, and development in the Stillwater township area west of the city of Stillwater and the village of Oak Park Heights.[1] This case, however, involves but two proceedings heard by the commission dealing with the annexation of certain township property abutting the boundaries of the city of Stillwater. These proceedings bear commission docket numbers A-1985 and A-2056. Both were instituted by petitions signed by all of the owners of the lands who seek annexation to the city of Stillwater. In each case, the town objected and hearings, as required by c.

---

[1] It should be noted that the commission had repeatedly encouraged the town and the city to cooperate in establishing an orderly long-range annexation plan concerning annexation of township property lying adjacent to the city of Stillwater. Despite such efforts, the town has consistently refused to engage in such a voluntary comprehensive annexation plan, which is authorized, with attendant tax adjustment advantages, by Minn. St. 414.032. As a result, the commission, with evident reluctance, has been forced to deal with the annexation of the township property on a piecemeal basis.

414, were ordered. Numerous hearings, many of them consolidated, were held between September 1971 and August 1972.

Subsequent to the hearings, the commission ordered the annexation of the petitioned property in proceeding A-1985 on October 30, 1972. On November 10, 1972, the town of Stillwater, as authorized by § 414.07, subd. 2, applied to the district court for statutory review of the commission's order.

The annexation petition in proceeding A-2056, originally filed with the commission on August 10, 1971, was expanded by the commission on March 21, 1972, pursuant to § 414.031, subd. 4, to include township property which had not been included in the original petition for annexation. When the commission, on January 5, 1973, also ordered these lands annexed, § 414.031, subd. 5, necessitated a supplementary hearing to determine whether the petitioning owners constituted a majority of the owners of lands ordered annexed. If the petitioning owners do not constitute a majority, an election approving or rejecting annexation is required.

Subsequent to the annexation order in A-1985 and the expansion of proceeding A-2056 but before both the orders for annexation and supplementary hearing were issued in the latter proceeding, the town of Stillwater and the village of Oak Park Heights filed with the commission a petition for consolidation of those two governmental units pursuant to § 414.021. This consolidation proceeding is pending before the commission.

Prior to the supplementary hearing, the town of Stillwater applied for statutory review of the commission's order in proceeding A-2056. Following the commission's order of annexation in A-2056, the town of Stillwater commenced this declaratory judgment action challenging both annexation proceedings. Finally, in April 1973, the town of Stillwater requested a rehearing before the commission of both annexation proceedings, which request is still pending.

In its prayer for declaratory relief, the town of Stillwater requested the district court to declare the rights of the parties in-

volved, declare the acts of the commission arbitrary and capricious, declare c. 414 unconstitutional, vacate the commission's orders in proceedings A-1985 and A-2056, and restrain and enjoin the commission from proceeding further with A-2056. The village of Oak Park Heights and individual residents of the town of Stillwater intervened in the town's declaratory judgment action.

In the action for declaratory judgment, the district court refused to restrain the commission from proceeding further with A-2056, concluding that the commission's order for a supplementary hearing was "not a final administrative order with respect to whether an annexation election [was] required." However, at a later date, the court ordered the proceeding in A-2056 reopened. In response to the court's reopening order and in an apparent attempt to remove all doubt concerning the propriety of the annexation of the A-2056 property as expanded, the commission reopened the proceeding and "decided to rescind the proposed expansion and approve the annexation only of the petitioned property." Such supplementary order concerning A-2056 was issued by the commission on March 22, 1973. The village of Oak Park Heights timely sought statutory review of the commission's order, alleging that such action was "arbitrary, fraudulent, capricious and oppressive and [was] in unreasonable disregard of the best interests of the territory affected."

The town of Stillwater and the intervenors in the declaratory judgment action moved the district court for an order consolidating the statutory appeals from the commission's final orders in proceedings A-1985 and A-2056 with the declaratory judgment action. In response, the commission moved to dismiss the declaratory judgment action, maintaining that the statutory review provided by § 414.07 was the exclusive means of judicial review of actions of the commission. The district court denied the commission's motion but certified the denial to this court as an important and doubtful question.

We regard the issue of whether an action for declaratory judg-

ment may be used as an alternative remedy for statutory judicial review of annexation orders requiring commission approval as one of first impression.[2]

The Minnesota Municipal Commission was created by the legislature upon recommendation of an interim study committee in 1959 to carry out the legislature's constitutional duty to provide for "the creation, organization, administration, consolidation, division * * * [and] change of boundaries" of local government units. Minn. Const. art. 11, § 1. Section 414.01, subd. 1, in part, contains the following:

"The legislature finds that: (1) sound urban development is essential to the continued economic growth of this state; (2) municipal government is necessary to provide the governmental services essential to sound urban development and for the protection of health, safety, and welfare in areas being used intensively for residential, commercial, industrial, institutional, and governmental purposes or in areas undergoing such development; (3) the public interest requires that municipalities be formed when there exists or will likely exist the necessary resources to provide for their economical and efficient operation; (4) annexation to or consolidation with existing municipalities or unincorporated areas unable to supply municipal services should be facilitated; and, (5) the consolidation of municipalities should be encouraged. *It is the purpose of this chapter to empower the Minnesota municipal commission to promote and regulate development of municipalities so that the public interest in efficient local government will be properly recognized and served.*" (Italics supplied.)

In establishing the intricate substantive and procedural standards for annexation, consolidation, incorporation, and detachment, embodied in detail in c. 414, and by creating the commission to administer these complex matters, it is clear that the

---

[2] But see, In re Annexation of Land to City of Glencoe, 288 Minn. 190, 179 N. W. 2d 279 (1970).

legislature intended the commission to have virtually exclusive jurisdiction in determining the boundary changes of political subdivisions by annexation. To be more specific, the only annexations involving unincorporated property which do not require commission approval are those few annexations by municipal ordinance, as authorized by § 414.033.[3] Such annexations carried out by municipal ordinance without objection may properly be challenged by means of a declaratory judgment action.[4] See, Town of Burnsville v. City of Bloomington, 264 Minn. 133, 117 N. W. 2d 746 (1962); In re Annexation of Land to City of Glencoe, 288 Minn. 190, 179 N. W. 2d 279 (1970). In such cases, the party challenging the ordinance is entitled to a trial de novo on the merits of the proposed annexation, and the district court from which declaratory relief is sought is empowered to act as a finder of fact in determining the merits.

To allow a declaratory judgment action challenging annexation proceedings requiring commission approval would in effect allow a de novo consideration of the proceedings by the court and would frustrate the clear intent of the legislature and would create havoc with the commission's power to carry out its statutory duty. Since the district court in trying the matter de novo

---

[3] Basically, the following annexation proceedings are the only proceedings involving unincorporated property which do not require approval by the commission: (a) Annexation by municipal ordinance of unincorporated land abutting the municipality, if owned by the municipality; (b) annexation by municipal ordinance of unincorporated land which is 60 percent or more surrounded by municipal property, but only if the town board does not file objections with the commission; (c) annexation by municipal ordinance of unincorporated land which is totally surrounded by municipal property; and (d) certain other land which meets the requirements of § 414.033, subd. 5, but only if the town board and the municipal council do not file objections with the commission.

[4] Section 555.02 states: "Any person * * * whose rights, status, or other legal relations are affected by a * * * municipal ordinance * * * may have determined any question of construction or validity arising under the * * * ordinance * * *."

would not be bound by the factual findings of the commission, the commission's role as an administrative factfinding body would be nullified. As stated previously, reference to the statutory scheme established by the legislature in creating the commission and describing its duties clearly indicates that the intent was to create an expert and experienced independent agency to perform what the legislature found it was not suited to perform by special legislation. This well-defined legislative intent requires that declaratory relief be limited to challenging annexation proceedings which do not require commission approval. Absent extraordinary circumstances, such as claims of fraud or conspiracy between the commission and an annexing entity,[5] we hold that the statutory review authorized by § 414.07, subd. 2, constitutes the exclusive method of judicial review of annexation proceedings requiring commission approval.

Characterizing such statutory review as the exclusive means of challenging annexation proceedings which require commission approval preserves the integrity of the commission as an administrative factfinding body and still provides adequate relief for persons aggrieved. The grounds for statutory review include virtually every possible theory of attack upon commission action. Section 414.07, subd. 2, provides in part:

"Any person aggrieved by any incorporation, annexation, detachment, or annexation-detachment order of the commission may appeal to the district court upon the following grounds:

    (a)   That the commission had no jurisdiction to act;

    (b)   That the commission exceeded its jurisdiction;

    (c)   That the order of the commission is arbitrary, fraudulent, capricious or oppressive or in unreasonable disregard of the best interests of the territory affected;

    (d)   That the order is based upon an erroneous theory of law.

"The appeal shall be taken in the district court in the county

---

[5] It should be noted that respondents denied at oral argument that they were claiming fraudulent design on the part of the commission or conspiracy between the commission and the city of Stillwater.

in which the majority of the area affected is located. The appeal shall not stay the effect of the order.

"If the court shall determine that the action of the commission involved is unlawful or unreasonable or is not warranted by the evidence in case an issue of fact is involved, the court may vacate or suspend the action of the commission involved, in whole or in part, as the case may require, and thereupon the matter shall be remanded to the commission for further action in conformity with the decision of the court."

The town and the village of Oak Park Heights expressed the fear that statutory review would be inadequate in that the reviewing court could not stay the effect of the commission's annexation order. Such a fear is definitely misplaced. While § 414.07, subd. 2, does state that "[t]he appeal shall not stay the effect of the order," such language, when properly construed, merely prevents the filing of an appeal from automatically staying the commission's order. Regardless of this statutory provision, the reviewing court may issue a stay as an exercise of its inherent judicial power.[6] In addition, by Minn. St. 15.0424, subd. 3, the legislature has acknowledged and apparently codified the reviewing court's inherent power to stay administrative proceedings:

"The filing of the petition [for review] shall not stay the enforcement of the agency decision; but the agency may do so, or *the reviewing court may order a stay upon such terms as it deems proper.* * * *" (Italics supplied.)

At oral argument, the parties contended that the record before the district court concerning the annexation proceedings might be incomplete. The town also pointed out that it has filed with

---

[6] See State and Port Authority of St. Paul v. N. P. Ry. Co. 221 Minn. 400, 410, 22 N. W. 2d 569, 575 (1946), wherein this court noted: "* * * [I]t is apparent that the power to stay proceedings pending appeal is inherent in the courts and exists notwithstanding the statutes may be silent on the matter." See, also, Landis v. North American Co. 299 U. S. 248, 254, 57 S. Ct. 163, 166, 81 L. ed. 153, 158 (1936).

the commission a petition for rehearing in order to expand its challenge to the annexation orders. In the interests of all concerned, therefore, our dismissal of the action for declaratory judgment does not preclude the district court, in the pending statutory review proceedings and upon proper request by any party, from remanding the proceedings to the commission to allow a rehearing under its rules. In this way, the record could be supplemented to include all of the facts which the parties believe are pertinent to the town's argument that there is a concerted design on the part of the city, aided by the commission, to grant annexation in such a way as to frustrate an annexation election or hearing for persons whose land is surrounded or bounded by the land included in the present annexation petitions.

Reversed.