**TOWN BOARD OF MARSHAN,**
Appellant,

v.

**CITY COUNCIL OF the CITY OF
HASTINGS, Respondent.**

No. 47391.

Supreme Court of Minnesota.

Oct. 17, 1980.

Schoen & Jones and Harvey N. Jones, Hastings, for appellant.

Hertogs, Fluegel, Sieben, Storkamp & Caturia and Donald Fluegel, Hastings, for respondent.

Heard by SHERAN, C. J., and PETERSON and YETKA, JJ., and considered and decided by the court en banc.

### SHERAN, Chief Justice.

The present appeal resulted from an action filed in the district court of Dakota County by plaintiff–appellant Town Board of Marshan against defendant–respondent City Council of the City of Hastings. Appellant brought this action to restrain the City of Hastings from publishing or filing a proposed ordinance annexing certain property located in Marshan Township until a hearing could be had before the Minnesota Municipal Board. On July 16, 1976, the Dakota County District Court, Judge Raymond Pavlak presiding, granted appellant's motion for a temporary restraining order.

At the ensuing hearing, Judge Robert J. Breunig dissolved the temporary restraining order and granted respondent's motion for summary judgment in an order dated September 13, 1976. When Judge Breunig denied appellant's request for injunctive relief after a rehearing, appellant appealed to this court where, following a prehearing conference, the parties agreed to return to the district court for further findings. Appellant's present appeal followed Judge Breunig's March 9, 1979 order reaffirming his original order dismissing the action. We affirm.

On January 3, 1974, Aloysius and Lucille Sieben petitioned respondent requesting annexation of property owned by them in Marshan Township abutting the southerly limits of the City of Hastings pursuant to Minn.Stat. § 414.033, subd. 5 (1976).[1] On January 15, 1974, appellant passed a resolution directing the Township Planning Commission to study the annexation issue and submit a report within 120 days. A copy of the resolution was filed with the City Clerk of the City of Hastings. Subsequently, similar annexation petitions were filed by Willis Olson and Raymond Nowicki, dated February 14, 1974 and April 24, 1974, respectively.

The Planning Commission submitted its report to appellant on June 3, 1974. The report endorsed the orderly development of the area adjacent to the southerly border of the City of Hastings and recommended the establishment of a committee to promote this goal. Accordingly, the report opposed piecemeal annexation of small tracts of land. Upon review of the report, appellant adopted the report as its position on the annexation issue. On June 5, 1974, the

---

1. Minn.Stat. § 414.033, subd. 5 (1976) provides in part as follows:

Subd. 5. If the land is platted, or, if unplatted, does not exceed 200 acres, the property owner or a majority of the property owners in number may petition the municipal council to have such land included within the abutting municipality and shall file copies of the petition with the board, the town board, the county board and the municipal council of any other municipality which borders the land to be annexed. Within 60 days thereafter, the town board or the municipal council of such municipality may submit written objections to the annexation to the board and the annexing municipality. Upon receipt of such objections, the board shall proceed to hold a hearing and issue its order in accordance with section 414.031. If written objections are not submitted within the time specified hereunder and if the municipal council determines that the annexation will be to the best interests of the municipality and of the territory affected, it may by ordinance declare such land annexed to the municipality.

report was mailed to the Mayor of the City of Hastings and to the Chairman of the Minnesota Municipal Commission (Board).[2] Through an addressing error, the letter to the Board was returned and a new letter was mailed on July 5, 1974.

Respondent forwarded its own annexation report to appellant that same November and in January, 1975, a joint committee was established and the parties began meeting on a monthly basis. Finally, in June, 1976, respondent had the first reading of a proposed ordinance extending the corporate limits of the City of Hastings to include the Sieben, Olson and Nowicki properties. Appellant thereafter sought the temporary restraining order commencing this action. After this action began, the original Sieben petition was withdrawn, an amended petition was filed, and appropriate action was taken, the issue ultimately being resolved in favor of the City of Hastings. Therefore, the Sieben tract is not a direct concern of this appeal.

Since its creation in 1959, the Board has exercised extensive authority in dealing with municipal incorporation and annexation. Much of this supervisory power is automatic and in some cases perhaps assertable by the Board on its own initiative. *See* Note, *The Minnesota Municipal Commission–Statewide Administrative Review of Municipal Annexations and Incorporations*, 50 Minn.L.Rev. 911 (1966). In the case of annexations, however, the statute established a mechanism for the piecemeal annexation of tracts of limited size adjacent to the boundary of an established municipal corporation. Under this provision, section 414.033, subdivision 5, jurisdiction of the Board is invoked only upon the filing of written objections within sixty days[3] from the filing of a petition. Respondent takes the position that because the letter to the Chairman of the Board was not received until after expiration of the sixty–day deadline, appellant forfeited its right to a Board hearing. Appellant contends that its

filing of objections to the annexation petition was complete upon mailing and was thus in compliance with the statute.

■ Appellant's argument can apply only to the Nowicki petition. No objections of any kind were mailed within sixty days of February 14, 1974, the date of the Olson petition. In addition, appellant's position is supportable only if it can be said that the mailing of objections that are not received due to minor addressing defects constitute a filing within the meaning of the statute. It is a well-established principle, however, that such service is complete only upon proper mailing, an event that did not occur in the instant case. *Hoff v. Northwestern Elevator Co.*, 120 Minn. 224, 139 N.W. 153 (1913); *Van Aernam v. Winslow*, 37 Minn. 514, 35 N.W. 381 (1887). Moreover, subdivision 5 of section 414.033 specifically states that the consequence of delayed notice may be unilateral action on the part of the municipal council. In cases in which a statutory notice requirement speaks clearly and unambiguously, the provision must be strictly construed. *See Beson v. Carleton College*, 271 Minn. 268, 275, 136 N.W.2d 82, 88 (1965); *State ex rel. O'Hearn v. Erickson*, 152 Minn. 349, 350–51, 188 N.W. 736, 736–37 (1922). Therefore, appellant's failure to comply with Minn.Stat. § 414.033, subd. 5 (1976) precludes it from claiming the right to a hearing before the Board.

■ Appellant also contends that respondent should be estopped from asserting the failure to file objections because respondent did not inform appellant of its intent to rely upon the sixty-day provision when it learned that appellant had given the Marshan Planning Commission 120 days to complete a report and because in subsequent negotiations between the parties, respondent's conduct was inconsistent with an intent to rely upon the notice provision of the statute. It is now clear that one governmental entity may assert an estoppel

---

**2.** The 1975 legislature changed the name of the agency to the Minnesota Municipal Board. *See* Act of June 2, 1975, ch. 271, § 3(27), 1975 Minn.Laws 742, 745.

**3.** The notice requirement is now 90 days. Minn.Stat. § 414.033, subd. 5 (1978).

against another governmental entity through application of the general principles of estoppel. *E. g., Local Government Information Systems v. Village of New Hope*, 311 Minn. 258, 248 N.W.2d 316 (1976). But the present situation may be distinguished from a case in which a private party and a governmental entity are involved. *E. g., Ridgewood Development Co. v. State*, 294 N.W.2d 288 (Minn.1980).

■ This court rejects appellant's contention upon two grounds. First, the jurisdictional prerequisites that entitle one to a hearing before the Board are fixed by law and may not be the subject of a waiver or estoppel. *Cf. Grier v. Estate of Grier*, 252 Minn. 143, 149, 89 N.W.2d 398, 404 (1958). Second, even assuming that there could be an estoppel, the general requirements of such an action have not been satisfied. To create an estoppel, one must act to his detriment and in reliance upon the acts or omissions of another. *Lampert Yards v. Thompson-Wetterling Constr. & Realty, Inc.*, 302 Minn. 83, 223 N.W.2d 418 (1974); *St. Paul Fire & Marine Ins. Co. v. Bierwerth*, 285 Minn. 310, 175 N.W.2d 136 (1979); *Grier v. Estate of Grier*, 252 Minn. 143, 89 N.W.2d 398 (1958). We find nothing in the relationship between the parties during the crucial sixty–day period that would give rise to an affirmative obligation on the part of the City of Hastings to advise the Township of Marshan of the statutory notice of objection requirement. Even if such a duty existed, the record is clear that appellant relied upon its own report to preserve its right to a Board hearing and not upon any action or inaction of respondent.

After expiration of the sixty–day period, the record indicates that the parties engaged jointly in a study of the problems of annexing Marshan Township real estate to the City of Hastings. Because this joint effort commenced some months after the passing of the statutory filing period, we do not see in this activity anything that would confer jurisdiction on the Board.

The order of the district court is affirmed.

AMDAHL and SIMONETT, JJ., not having been members of this court at the time of argument and submission, took no part in the consideration or decision of this case.