ELLINGSON & ASSOCIATES, INC., et al., Appellants,

v.

Steve KEEFE, Commissioner of Labor and Industry, Respondent.

No. CO–87–264.

Court of Appeals of Minnesota.

Aug. 4, 1987.

George L. May, Hastings, for appellants.

Hubert H. Humphrey, III, Atty. Gen., Scott R. Strand, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal questions whether the trial court had jurisdiction over an action alleging violations of the Minnesota Workers' Compensation Act, the Minnesota Administrative Procedure Act, and the Minnesota antitrust statute. Appellants, certain rehabilitation consultants and certain injured employees, appeal from a summary judgment that dismissed their case for lack of jurisdiction. We remand for a trial court determination on antitrust statute allegations, but otherwise we affirm.

## FACTS

Appellants may be classified into two groups. One group consists of two injured employees, Thomas Kotasek and Andrus Paulus (employees). The other group consists of certain qualified rehabilitation consultants, Ellingson & Associates, Inc.; Don C. Ellingson, Gateway Consultants, Inc.; Louise F. Hennen, Q.R.C.; The Mansfield Association, Inc.; McCashin & Associates, P.A.; and Robinson & Associates, P.A. (consultants). Qualified rehabilitation consultants (QRCs) are persons approved by respondent Commissioner of the Department of Labor and Industry to develop and monitor plans to evaluate and provide physical and vocational services for employees entitled to workers' compensation rehabilitation benefits. Minn.R. 5220.0100, subpt. 5 (1985). QRCs are either "affiliated" or "independent." *Id.* Affiliated QRCs are consultants affiliated with an employer, insurer, or adjusting company. *Id.* at subpt. 6. Appellant consultants are independent QRCs. Independent QRCs are consultants "neither affiliated with an employer, insurer, or adjusting company, nor with a facility or agency engaged in the provision of comprehensive rehabilitation services." *Id.* at subpt. 7. Respondent is the Commissioner of Labor and Industry.[1]

Appellants' eight count complaint alleged:

Counts I and II (consultant selection): The Commissioner has incorrectly interpreted governing law in a way that restricts the freedom of injured employees to change QRCs after their approved rehabilitation plans have commenced.

Count III (complaints against independent QRCs): The Commissioner has unfairly encouraged and assisted companies to file complaints against independent QRCs.

Count IV (loss of retraining benefits): The Commissioner refuses to approve rehabilitation plans that include formal retraining unless the plan has been approved by the insurer. This practice denies appellant employees their right to a full and fair rehabilitation plan and denies appellant consultants their right to provide rehabilitation services in accordance with their professional judgment.

Count V (determining eligibility for rehabilitation benefits): The Commissioner has unlawfully permitted non-QRCs to determine the eligibility of injured employees for rehabilitation benefits.

Count VI (consultant licensure): The Commissioner has arbitrarily and improper-

---

1. Ray Bohn is the current Commissioner of Labor and Industry. Because an earlier appellate opinion in this case is titled in the name of Commissioner Keefe (*see* footnote 3), we have not substituted the name of the current Commissioner even though the appellate court rules allow for substitution. *See* Minn.R.Civ.App.P. Rule 143.04.

ly denied QRC licensure to qualified persons, while granting licenses to unqualified persons.

Count VII (rulemaking procedures): The Commissioner improperly chose to use the rulemaking procedure for noncontroversial rules, in order to promulgate and to amend certain rehabilitation rules.[2]

Count VIII (qualifications for firm licensure): The Commissioner has unfairly chosen to enforce the rule requiring that 80% of the nonclerical staff in a QRC firm be either QRCs or QRC interns.

Appellants' complaint also alleged that, in some instances, the Commissioner's actions violated due process and equal protection guarantees, state antitrust laws, and were outside the scope of the Commissioner's authority.

The trial court granted respondent's motion for summary judgment and dismissed the action for lack of jurisdiction. Specifically, the court found that counts I through VI and count VIII fall within the statutory jurisdiction of the Workers' Compensation Rehabilitation Review Panel. *See* Minn. Stat. § 176.102, subd. 3 (1986). The trial court also determined that Count VII, alleging improper rulemaking procedures, is within the original jurisdiction of the Minnesota Court of Appeals. *See* Minn. Stat. § 14.44 (1986).

Appellants' complaint also alleged that various acts of the Commissioner were unlawful under the antitrust statute as a conspiracy in unreasonable restraint of trade. *See* Minn.Stat. § 325D.51 (1986). However, when the trial court dismissed the complaint for lack of jurisdiction, the court did not make any findings or conclusions as to whether the antitrust claims were within the court's jurisdiction.

Plaintiff employees and consultants appeal from the trial court's summary judgment.[3]

**2.** For purposes of clarity, we consider count seven to include all allegations of improper rulemaking procedures.

**3.** In an earlier appeal, respondent sought protective relief from appellant's discovery request. We held that respondent could not be deposed

**ISSUE**

Did the trial court err in dismissing the case for lack of jurisdiction?

**ANALYSIS**

This case involves various claims that may be characterized as falling within one of three groups: (1) contested agency action in specific circumstances or contested application of a rule in specific circumstances; (2) pre-enforcement determination of the validity of a rule or agency action; or (3) claims under the antitrust statute. *See Minnesota-Dakotas Retail Hardware Ass'n. v. State,* 279 N.W.2d 360, 363 (Minn. 1979); *Broen Memorial Home v. Department of Human Services,* 364 N.W.2d 436, 440 (Minn.Ct.App.1985).

■ 1. The first type of claims, contested agency action in specific circumstances or contested application of a rule in specific circumstances, is within the jurisdiction of the Workers' Compensation Rehabilitation Review Panel. The panel, created by statute, is the body authorized to hear appeals under the Workers' Compensation Act. *See* Minn.Stat. § 176.102, subd. 3 (1986). The panel is authorized to review and make a determination with respect to:

(a) appeals regarding eligibility for rehabilitation services, rehabilitation plans and rehabilitation benefits * * *; (b) appeals on any other rehabilitation issue the commissioner determines under this section; and (c) appeals regarding fee disputes, penalties, discipline, certification approval or revocation of registration of qualified rehabilitation consultants and approved vendors.

*Id.* Persons aggrieved with the review panel's decision may appeal to the Workers' Compensation Court of Appeals and then to the Minnesota Supreme Court. *See*

by oral deposition, but if appellant could "demonstrate ineffectiveness of questioning by interrogatory, deposition upon written questions" could be conducted. *Ellingson & Associates, Inc. v. Keefe,* 396 N.W.2d 694, 697 (Minn.Ct.App. 1986), *pet. for rev. denied,* (Minn. Jan. 21, 1987).

Minn.Stat. §§ 176.442 and 176.471, subd. 1 (1986).

The trial court dismissed the allegations on consultant selection, complaints against independent QRCs, loss of retraining benefits, determining eligibility for rehabilitation benefits, consultant licensure, and qualifications for firm licensure, based on its conclusion that each of these matters should be brought before the Workers' Compensation Rehabilitation Review Panel.

Appellants do not dispute that, as a general rule, complaints such as those alleged here are within the jurisdiction of the review panel. *See Town of Stillwater v. Minnesota Municipal Commission,* 300 Minn. 211, 216–18, 219 N.W.2d 82, 86–87 (1974) (supreme court refused to allow plaintiff to bring suit in district court, because the legislature had established a statutory review procedure). Relying on two exceptions to the general rule, appellants argue that the district court erred in dismissing the case for lack of jurisdiction. First, parties are not required to utilize administrative remedies if the administrative bodies have unequivocally committed themselves to a position and exhaustion of remedies would be futile. *State Board of Medical Examiners v. Olson,* 295 Minn. 379, 387, 206 N.W.2d 12, 17 (1973). Second, the district court has original jurisdiction where allegations of fraud or conspiracy are raised, even though administrative review is statutorily defined. *Town of Stillwater,* 300 Minn. at 218, 219 N.W.2d at 87.

Where the concerned administrative bodies have unequivocally committed themselves to a determination of the issue challenged, the doctrine of exhaustion of administrative remedies does not require that futile attempts at administrative relief be taken before seeking a judicial determination. *State Board of Medical Examiners,* 295 Minn. at 387, 206 N.W.2d at 17. *See also Wolff v. Selective Service Board No. 16,* 372 F.2d 817, 825 (2d Cir.1967). Appellant alleges that appeal to the Workers' Compensation Rehabilitation Review Panel is futile because the panel members "consist of respondent and others appointed by respondent," thus, "the respondent himself would be in the position of ruling on his own interpretations."

We disagree. The Workers' Compensation Rehabilitation Review Panel is a body committed by statute to fairly consider the merits of each allegation, and the Commissioner's involvement in the review process does not take away the panel's responsibility to fairly consider the Commissioner's competing interests. The situation here is no different than in countless imaginable cases preceded by decisions or statements of the Commissioner or department staff that invite prediction of future decisions. Furthermore, appellants' administrative remedy consists of a three-tiered review procedure. Meaningful review of both the Commissioner's decision and the review panel's decision is available through further appeals to the Workers' Compensation Court of Appeals and the Minnesota Supreme Court.

Alternatively, appellants rely on the exception that aggrieved parties are not limited to the statutory review procedure where claims of fraud or conspiracy between the agency and the review bodies are alleged. *Town of Stillwater,* 300 Minn. at 218, 219 N.W.2d at 87. Appellant consultants allege conspiracy in connection with consultant selection (count II), complaints against independent QRCs (count III), and qualifications for firm licensure (count VIII). Appellant employees allege conspiracy in connection with loss of retraining benefits (count IV) and determination of eligibility for rehabilitation benefits (count V).

Respondent contends that unsupported claims of conspiracy do not justify judicial proceedings and that if they did, there would be an open invitation to avoidance of administrative remedies by that means. Thus, respondent asks us to disregard the language of *Town of Stillwater,* which we cannot do. In *Town of Stillwater,* the supreme court stated that the statutory review procedure "constitutes the exclusive method of judicial review," "[a]bsent extraordinary circumstances, such as claims of fraud or conspiracy." *Id.*

An examination of appellants' complaint, however, leads us to conclude they have

not claimed a conspiracy that gives rise to the exception. Although in five instances they have cited to the Commissioner's conspiracy with certain employers and insurers, in each instance the complaint alleges that the unilateral conduct of the Commissioner "constitutes" such a conspiracy or is an unlawful conspiracy. In no instance is there an accusation of the combined action or any relationship of the Commissioner and others. There is the accusation that the Commissioner's acts favor one party to the exclusion of others, and there is an allegation of bias and violation of law, but there is neither allegation nor evidence that the Commissioner was a party to an agreement or any other form of combination or conspiracy to achieve an improper result. We conclude that the exception for conspiratorial conduct, noted by the supreme court in *Town of Stillwater*, does not extend to acts of an official merely alleged to lack impartiality.

Therefore, as to those claims within the review panel's statutory authority, the trial court was correct in dismissing for lack of jurisdiction. *See* Minn.Stat. § 176.102, subd. 3 (1986).

■ 2. The second type of claim presented to the trial court was the pre-enforcement determination of the validity of a rule or agency action. These claims are within the court of appeals original jurisdiction:

> The validity of any rule may be determined upon the petition for a declaratory judgment thereon, addressed to the court of appeals, when it appears that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair the legal rights or privileges of the petitioner. * * * The declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, and whether or not the agency has commenced an action against the petitioner to enforce the rule.

Minn.Stat. § 14.44 (1986).

In such a declaratory judgment action, the aggrieved party may allege the rule violates constitutional provisions, exceeds the statutory authority of the agency, or was adopted without compliance with statutory rulemaking procedures. *Id.* at § 14.-45. The trial court correctly concluded that the court lacked jurisdiction of those portions of the complaint that raised these claims.

■ 3. The third type of claim presented to the trial court was appellants' claims under the antitrust statute. *See* Minn.Stat. §§ 325D.01–.70 (1986). Specifically, appellants claim respondent violated the provisions concerning "Combinations in Restraint of Trade." *Id.* at §§ 325D.49–.66. The statute states that a "contract, combination, or conspiracy between two or more persons in unreasonable restraint of trade or commerce is unlawful." *Id.* at § 325D.51. Appellants claim that an action brought under that statute is properly before the district court and that the administrative review procedure is insufficient because it provides for only limited relief, whereas the district court can provide the damages and injunctive relief authorized by the statute.

Respondent, however, claims he is immune from prosecution under the antitrust statute. Respondent claims the antitrust allegation is barred by the "state action" statutory immunity. Specifically, respondent relies upon this statutory language: "Nothing contained in sections 325D.49 to 325D.66, shall apply to actions or arrangements otherwise permitted, or regulated by any regulatory body or officer acting under statutory authority of this state or the United States." *Id.* at § 325D.55, subd. 2.

The trial court dismissed this case without stating its findings or conclusions on the issues raised by the antitrust claims. We remand for further proceedings on these issues. We note our misgivings whether the references to conspiracy in the complaint here state the elements of a proper cause of action; that issue was neither raised nor decided in the trial court proceedings.

**DECISION**

The trial court correctly concluded that it did not have jurisdiction over those claims

that fall within the jurisdiction of either the Workers' Compensation Rehabilitation Review Panel or the Minnesota Court of Appeals' original jurisdiction as provided in the Minnesota Administrative Procedure Act. The case is remanded for further proceedings on appellant's allegations of antitrust law violations and respondent's claims of immunity for discretionary acts and immunity under the antitrust statute.

Affirmed in part and remanded in part for further proceedings.