**ROCKFORD TOWNSHIP, Appellant,**

v.

**CITY OF ROCKFORD, Respondent,**

**Minnesota Diversified Products, Inc., intervenor, Respondent.**

**No. C0–99–1775.**

Court of Appeals of Minnesota.

April 11, 2000.

Thomas P. Melloy, Christopher W. Harmoning, Hall & Byers, P.A., St. Cloud (for appellant).

Paula A. Callies, George C. Hoff, Hoff, Barry & Kuderer, P.A., Eden Prairie (for respondent City of Rockford).

David F. Herr, Howard A. Roston, Maslon, Edelman, Borman & Brand, LLP, Minneapolis, (for respondent Minnesota Diversified Products, Inc.).

Considered and decided by DAVIES, Presiding Judge, LANSING, Judge, and HARTEN, Judge.

## OPINION

LANSING, Judge.

Rockford Township brought a declaratory judgment action against the City of Rockford, seeking a declaration that the city had improperly annexed 80 township acres. The district court dismissed the action for failure to apply for judicial review within the 30–day appeal period of Minn.Stat. § 414.07 (1998), and the township appealed. Because we agree that section 414.07 governs the time to seek judicial review of annexations by ordinance, we affirm.

## FACTS

In early 1999, the City of Rockford agreed to help Minnesota Diversified Products, Inc., (MDPI) identify available property to expand MDPI's Rockford manufacturing facility. The city proposed a tract of land known as the Mutterer Farm, located in Rockford Township. As part of the negotiation, the city accepted a petition by the owners of Mutterer Farm for annexation of 60 acres. When the township would not agree to a joint orderly annexation, the city gave 30 days' notice of its intent to proceed with annexation by ordinance and called for objections. The township did not object. On March 30, 1999, the city passed two annexation ordinances, the first annexing 60 acres based on the landowners' petition for land with

no public sewer availability, and the second annexing 20 acres, formerly part of Mutterer Farm, that the city had purchased.

The city sent the ordinances to the Minnesota Municipal Board on March 31, 1999. The township sent a letter to the board dated April 6, 1999, protesting that the annexed property did not meet the statutory standards for annexation by ordinance. The board approved the first ordinance on April 9, 1999, noting its "limited authority in approving annexations by ordinance" and its "misgivings as to whether legal and/or technical abutment ha[d] been achieved." The board approved the second ordinance on April 28, 1999. Both the city and the township received the board's letters of approval on May 10, 1999. In May 1999, the city began developing an industrial park on the annexed land, with MDPI as the anchor tenant.

In August 1999, the township brought this declaratory action, and the district court permitted MDPI to intervene. The city and MDPI moved to dismiss under Minnesota Rule of Civil Procedure 12.02. The district court granted the motion, and the township appeals. In considering the motion to dismiss under rule 12.02, the district court reviewed and considered submissions in addition to the pleadings. We therefore review the dismissal as if the appeal were taken from summary judgment. Minn. R. Civ. P. 12.02.

## ISSUE

Do the appeal provisions of Minn.Stat. § 414.07 (1998) apply to annexations by ordinance under Minn.Stat. § 414.033, subd. 2 (1998)?

## ANALYSIS

██ The interpretation of a statute and its application to undisputed facts raise questions of law that we review de novo. *Oslund v. Johnson,* 578 N.W.2d 353, 356 (Minn.1998). The purpose of stat-

utory interpretation is to ascertain and effectuate the legislature's intent. Minn. Stat. § 645.16 (1998). When the words of a statute, in their application to an existing situation, are clear and unambiguous, we must give effect to their plain meaning. *Id.* Sections of a statute should be considered together to give the words their plain meaning. *Chanhassen Estates Residents Ass'n v. Chanhassen,* 342 N.W.2d 335, 339 (Minn.1984); *see also* Minn.Stat. § 645.17 (1998) (statute must be considered as a whole to harmonize and give effect to all provisions); *King v. St. Vincent's Hosp.,* 502 U.S. 215, 221, 112 S.Ct. 570, 574, 116 L.Ed.2d 578 (1991) ("the meaning of statutory language, plain or not, depends on context").

 If a statute's meaning is not explicit, we look beyond the text to the purpose of the statute, the circumstances under which it was enacted, contemporaneous legislative history, prior versions of the statute, and the consequences of a particular interpretation. Minn.Stat. § 645.16. We consult prior versions of a law only to solve an ambiguity, not to create one. *See id.* (courts may look to former laws on same subject if words of law are not explicit); *Welscher v. Myhre,* 231 Minn. 33, 36, 42 N.W.2d 311, 313 (1950) (if statutory language is clear and unambiguous, no reference should be made to prior enactments).

Until June 1, 1999, the Minnesota Municipal Board was authorized to oversee the alteration of municipal boundaries. Minn.Stat. § 414.01, subd. 1 (1998). The legislature terminated the municipal board by sunset provision effective June 1, 1999. Minn.Stat. § 414.11 (1998 & Supp.1999). It transferred the board's duties and budget to the office of strategic and long-range planning. *Id.* Because the act providing for the transfer of powers from the Minnesota Municipal Board did not direct otherwise, the office of strategic and long-range planning carries out the municipal board's transferred responsibilities as if it were continuing rather than assuming new responsibilities. Minn.Stat. § 15.039, subd. 2 (1998). Thus, we continue to use the statute's term "municipal board" to refer to the governing agency whether the reference applies to the governing agency before or after June 1, 1999.

The legislature created the municipal board to facilitate annexations that would achieve efficiency in governmental services and integrity in land-use planning. *Id.* The legislation allows municipalities to annex abutting unincorporated land in two ways: annexation by ordinance or annexation by board order. Minn.Stat. §§ 414.031, 414.033 (1998). Annexations by ordinance are permitted in limited circumstances enumerated in Minn.Stat. § 414.033. These circumstances include annexing land owned by the municipality and land abutting the municipality not exceeding 60 acres if it has no available sewer facilities and if all landowners petition. Minn.Stat. § 414.033, subds. 2(1), (3). When the conditions listed in section 414.033 are not met, municipalities must pursue annexation by board order under Minn.Stat. § 414.031.

The municipal board's procedures vary depending on whether it is considering an annexation by board order or by ordinance. The municipal-board statute requires the municipal board to give notice, hold hearings, and issue written findings on annexations by board order. Minn. Stat. § 414.031. Annexations by ordinance also require notice, hearing, and findings, but the municipal council conducts the proceedings and files the ordinance with the municipal board, township, county auditor, and secretary of state. Minn.Stat. § 414.033, subds. 2b, 7.

The annexation ordinance is "final on the date * * * approved by the [municipal] board." *Id.* The municipal-board legislation also provides for appeal. The appeal provision states that "[a]ny person aggrieved by any order of the board" may appeal to district court "within 30 days of the order." Minn.Stat. § 414.07, subd. 2 (1998). This appeal period indisputably

applies to annexations by board order. *Town of Stillwater v. Minnesota Mun. Comm'n,* 300 Minn. 211, 218, 219 N.W.2d 82, 87 (1974). The issue presented in this appeal is whether the section 414.07 appeal provisions also apply to annexations by ordinance.

Rockford Township does not dispute that the municipal board's approval establishes when an annexation by ordinance is final, but disputes that the board's approval of the ordinance constitutes an "order" that is subject to the 30–day appeal period imposed by Minn.Stat. § 414.07, subd. 2.

■ We conclude that the township reads the appeal language too narrowly and attempts to impose too restrictive a meaning on "order." The plain meaning of the municipal-board statute requires board approval for annexations by ordinance. Minn.Stat. § 414.033, subd. 7. The board can only act through its capacity to issue orders; consequently, the plain meaning of order would include the board's approval of an annexation ordinance. *See* Minn. Stat. § 414.01, subd. 5 (1998) (board shall transact business by a majority of its members); Black's Law Dictionary 1123 (7th ed.1999) (order is a command, direction, or instruction); American Heritage Dictionary 1273 (3rd ed.1992) (order is an authoritative indication to be obeyed; a command or direction). Interpreting "any order of the board" to include the board's approval of annexation ordinances is consistent with the general definition of orders issued in administrative proceedings. *See* 5 U.S.C. § 551(6) (1996) (" 'order' means the whole or a part of a final disposition * * * in a matter other than rulemaking"); *cf.* Minn.Stat. § 14.63 (1998) (any person aggrieved by *final decision* entitled to judicial review). The municipal-board statute's failure specifically to define the characteristics of a board order approving an annexation ordinance, as it does the characteristics of annexations by board order, does not alter the plain meaning of "order." *Compare* Minn. Stat. § 414.033, subd. 2 (requiring but not

specifying form of board approval for annexation ordinances), *with* Minn.Stat. § 414.031, subd. 4 (outlining required elements of board order annexing land after hearing). Because the board must issue an order to approve an annexation ordinance, and because section 414.07 provides the method of appeal from all orders of the board, we hold that section 414.07 provides the exclusive method of appeal for annexations by ordinance.

We read *Town of Stillwater* to support rather than conflict with our interpretation of the plain meaning of section 414.07. In *Stillwater,* the supreme court held that "[Minn.Stat.] § 414.07, subd. 2, constitutes the exclusive method of judicial review of annexation proceedings requiring [municipal board] approval." 300 Minn. at 218, 219 N.W.2d at 87. The court also held that annexations by ordinance were not subject to section 414.07. *Id.* at 217, 219 N.W.2d at 86. But *Stillwater* was decided in 1979, when the municipal-board statute did not require municipal-board approval of annexations by ordinance.

When the supreme court decided *Stillwater,* section 414.07 provided for appeal to district court by "any person aggrieved by any incorporation, annexation, detachment, or annexation-detachment order of the board." Minn.Stat. § 414.07, subd. 2 (1976). And an annexation was final upon *filing* with the municipal board, the town clerk, the county auditor, and secretary of state. Minn.Stat. § 414.033, subd. 7 (1976). Based on the language of the municipal-board statute in effect, the supreme court distinguished annexations by ordinance from annexations by board order and held that because annexations by ordinance were not subject to municipal-board approval, these annexations did not fall within the appeal provisions of section 414.07. *Stillwater,* 300 Minn. at 217, 219 N.W.2d at 86.

In 1978, the legislature comprehensively revised the municipal-board statute. *See* 1978 Minn. Laws ch. 705. In section 414.033, the legislature retained the re-

quirement that annexation ordinances be filed with the municipal board, but added that the ordinances are "final on the date *approved* by the board." 1978 Minn. Laws ch. 705, § 20 (emphasis added). The legislature also amended section 414.07 to provide the method of appeal for "any person aggrieved by *any* order of the board." 1978 Minn. Laws ch. 705, § 31 (emphasis added).

We generally presume that amendments to statutory language are intended to change the meaning of the statute. *See Northern States Power Co. v. Commissioner of Revenue,* 571 N.W.2d 573, 575–76 (Minn.1997) (courts should presume amendments change the meaning of a statute unless it appears the amendment is meant only as clarification). We also presume the legislature acts with full knowledge of existing statutes and judicial interpretations of those statutes. *See Wynkoop v. Carpenter,* 574 N.W.2d 422, 425 (Minn.1998) (unreversed judicial construction is as much a part of statute as if part of original enactment); *Meister v. Western Nat'l Mut. Ins. Co.,* 479 N.W.2d 372, 378 (Minn. 1992) (courts should presume legislature acted with understanding of existing, related legislation). The context of the statutory changes, along with the legislature's specific addition of a board-approval requirement in section 414.033 and its broadening of the language in section 414.07, evidences an intent to supersede the distinction in *Stillwater* between annexations by board order and annexations by ordinance and subject all annexations to the appeal provisions of section 414.07.

The township argues that the 1978 amendment to section 414.033 was intended only to provide an effective date for annexation ordinances. We disagree. We first note that the prior version of section 414.033 did designate an effective date, providing that annexations were final upon *filing* with the board, the township clerk, the county auditor, and the secretary of state. Minn.Stat. § 414.033, subd. 7 (1976). Second, the interpretation the township urges would read "approval" out of the amended statute. *See Owens,* 328 N.W.2d at 164 (statutes should be construed so that no word, phrase, or sentence is superfluous, void or insignificant). If the legislature intended to simplify the effective date by making it contingent on filing with the board alone, it could have used that language. Instead, the legislature provided that annexations by ordinance would be final when *approved* by the board, which we must assume carries a different meaning than its previous reference to *filed* with the board. *See Boutin v. LaFleur,* 591 N.W.2d 711, 716 (Minn. 1999) (rejecting interpretation that made language of statute redundant), *cert. denied,* —— U.S. ——, 120 S.Ct. 417, 145 L.Ed.2d 326 (1999).

Our reading of the municipal-board statute, as amended, is also supported by the purposes of the statute. *See* Minn.Stat. § 645.16 (purpose of statute and consequences of particular interpretation can be considered to determine legislative intent); *Grier v. Estate of Grier,* 252 Minn. 143, 148, 89 N.W.2d 398, 402 (1958) (same). The municipal-board statute is meant to facilitate annexation of land that is or will become urban or suburban in nature. Minn.Stat. § 414.01, subd. 1. Section 414.07 functions as a statute of limitation, intended to prevent challenges to annexation after an unreasonable time during which actions may have been taken in reliance on the validity of the annexation. *See Bachertz v. Hayes–Lucas Lumber Co.,* 201 Minn. 171, 176, 275 N.W. 694, 697 (1937) (statutes of limitation intended to protect defendants from lawsuits after unreasonable period of time has passed). The certainty brought by expiration of the appeal period is as important to annexations by ordinance as it is to annexations by board order. Interpreting the statute to exclude annexation ordinances from the appeal provisions would defeat the purpose of providing an accelerated

procedure for annexations by ordinance. It is unlikely the legislature intended to allow an extended period of uncertainty in the summary proceedings.

Although we conclude that the plain meaning of Minn.Stat. § 414.07, subd. 2, sets forth the exclusive method of review of both types of annexations, we note that the 1978 amendments imposed a duty on the board to approve annexation ordinances without setting standards or procedure for that approval. The board's confusion about its role in annexations by ordinance under this amendment is evidenced by its statement about its "limited authority in approving annexations by ordinance." The board apparently has concluded that it does not have the authority to inquire, through hearings or otherwise, into the propriety of an annexation ordinance. Because neither party challenges the board's interpretation of the approval requirement, we need not determine whether the board's conclusion is correct, but we invite the legislature's attention to the absence of standards.

■ The township does suggest, however, that applying section 414.07 to annexations by order denies due process. We do not agree that the flaws in the procedure extend that far. Section 414.07 limits the time for appeal from an order of the board, but it does not limit the district court's ability to view evidence intended to show that the board acted beyond its jurisdiction. *See* Minn.Stat. § 414.07, subd. 2(b) (party may appeal actions that exceed the board's jurisdiction); *id.*, subd. 2 (court may vacate or suspend board's action if it is unlawful).

We also note that the municipal board failed to give prompt notice of its approval of the Rockford ordinances. The township did not receive the board's orders approving the ordinances until more than 30 days after the date on the board's letter. The short appeal period of section 414.07 necessitates prompt notice by the board to interested parties. The township, however, has not argued that the notice itself

was defective and, in any event, did not appeal until more than 90 days after it received the board's written order. Thus, we do not determine whether the board's notice was ineffective.

## DECISION

The district court correctly concluded that Minn.Stat. § 414.07 (1998) applies to annexations by ordinance under Minn.Stat. § 414.033, subd. 2 (1998). Because the township failed to appeal to the district court within 30 days of the board's order approving the annexation ordinance, we affirm summary judgment dismissing the township's declaratory judgment action.

**Affirmed.**