In the Matter of the Petition for the Detachment of Certain Land from the CITY OF BROOKLYN PARK and Annexation to the City of Osseo, Minnesota.

Nos. 50461, 50589, 50590.

Supreme Court of Minnesota, En banc.

May 15, 1981.

LeFevere, Lefler, Pearson, O'Brien & Drawz, Curtis A. Pearson, and James P. O'Meara, Minneapolis, for City of Brooklyn Park.

Earle T. Anderson, Jr., Minneapolis, for City of Maple Grove.

John T. Hoeft, St. Paul, for Metropolitan Council.

Eckman, Strandness & Egan and J. Michael Egan, Minneapolis, for Property Owners.

Lawrence H. Sullivan, Osseo, for City of Osseo.

Terrence A. Merritt, St. Paul, for Minnesota Executive Bd.

SHERAN, Chief Justice.

The City of Brooklyn Park, City of Maple Grove and the Metropolitan Council appeal from the order of the Hennepin County District Court which reversed the order of the Minnesota Municipal Board relating to the detachment from the City of Brooklyn Park and annexation to the City of Osseo the property owned by the petitioners-respondents Edward E. Coleman, Edward J. Egan and Robert L. Egan. We reverse.

The procedure underlying this action reflects the repeated efforts of three landowners to obtain the simultaneous detachment from the City of Brooklyn Park and annexation to the City of Osseo of an 80-acre parcel of agricultural property which they sought to eventually develop for resale. The property is located totally within the boundaries of the City of Brooklyn Park. More specifically, the land is bounded in part by State Highway No. 52 and by the City of Maple Grove on the west; on the south by the City of Osseo; by a public road in Brooklyn Park on the north; and by unplatted land in Brooklyn Park on the east. The land lacks buildings and residential structures and is served by no municipal improvements but the Brooklyn Park roads which bound it on three sides.

On July 26, 1976, the three owners of the parcel requested the City of Brooklyn Park to adopt a resolution detaching the lands so that arrangements might be made for its annexation to the City of Osseo. They stated that Osseo had not only agreed to acquire a portion of the land for public park purposes, but also that it would furnish the land with sufficient utility service to render it suitable for development. The city council rejected the request on August 9, 1976 upon its determination that the parcel's inclusion in Brooklyn Park's comprehensive plan rendered detachment inconsistent with the public interest.

A formal detachment petition was filed on September 20, 1976 with the Brooklyn Park City Council and the Minnesota Municipal Board pursuant to Minn.Stat. § 414.-06 (1980). The landowners asserted that detachment would not unreasonably affect the city's symmetry and that the land was unnecessary for reasonably anticipated future development of the city. The petition formally requested detachment pursuant to section 414.06. By resolution dated November 8, 1976, the petition was denied.

The council was cognizant of the basis for the requested detachment, but concluded that such action would be inconsistent with the city's comprehensive plans. Its action reflected consideration of recommendations by city officials, as well as its assessment of the enumerated adverse effects upon the community.

The landowners sought further review by the filing of a second amended petition with the Municipal Board. The petition was denied by the board upon its conclusion that it lacked jurisdiction and thereafter, the landowners appealed to the district court. The order of that court reversed the decision of the Minnesota Municipal Board finding that the board was statutorily authorized to initiate the proceedings, to conduct the evidentiary hearing and to issue its findings, conclusions and order. Minn.Stat. § 414.-061, subd. 4 (1980). The matter was thereupon remanded to the board with instructions that it implement those statutory

powers to resolve the controversy and this appeal followed.

The sole issue presented is whether the district court erred in concluding that the Minnesota Municipal Board was authorized by section 414.061, subd. 4 to hear and decide the landowners' petition for concurrent detachment and annexation.

The Minnesota Municipal Board was created by the legislature to promote and regulate the development of municipalities to effect the public interest in efficient local government. Minn.Stat. § 414.01 (1980). This objective is achieved by the authorization of the board to supervise the incorporation and consolidation of municipalities, as well as the detachment from an annexation of property to existing municipalities. At times pertinent to this action, the legislature had defined the procedure to be employed by the board in the execution of its function to regulate concurrent detachment and annexation of incorporated land in section 414.061. Subdivision 4 of that statute in effect at the relevant times is critical to our resolution of the case presented and provides as follows:

The board may initiate proceedings for the concurrent detachment and annexation of portions of one municipality completely surrounded by another municipality, or upon application of all of the property owners, provided, however, that in such cases the board shall conduct hearings and issue its order as in the case of annexations of unincorporated property under section 414.031.[1]

Act of June 9, 1969, ch. 1146, § 16, 1969 Minn.Laws, *as amended by* Act of May 23, 1973, ch. 621, § 6, 1973 Minn.Laws, *as amended by* Act of June 2, 1975, ch. 271, § 6, 1975 Minn.Laws.

The land which is the subject of these proceedings is located within and in fact forms a part of the boundary of the City of Brooklyn Park and abuts, but is not completely surrounded by, land within the City of Osseo. For this reason, section 414.061, subd. 4 must be examined to determine its applicability to "abutting" but not "encircled" property. It was the view of the district court that the statute authorized the board to act in either of two situations, *i. e.,* in the case of encircled property or, in the event a petition was filed by all owners of property, regardless of the character of that property.[2]

While the language employed by the legislature in its serialized development of subdivision 4 is less than precise, we must conclude that its intention was to enable the board, in the exercise of its broad supervisory powers, to act on its own initiative or upon petition of the landowners to consider simultaneous detachment and annexation of encircled property. Implied in this interpretation is our conclusion that the legislature in its 1973 amendment intended to retain the encircling requirement by its insertion of new language as a prerequisite to board consideration and further that this presumed intention was clarified in the 1978 amendment.

---

1. Prior to 1973, subdivision 4 existed as it did in 1976 with the deletion of the phrase "or upon application of all of the property owners." Act of June 9, 1969, ch. 1146, § 16, 1969 Minn. Laws. After the initiation of these proceedings, the legislature again chose to amend this section in 1978. Act of March 28, 1978, ch. 705, § 34, 1978 Minn.Laws. Subdivision 4 of the statute as amended now provides as follows:

The board may initiate proceedings for the concurrent detachment and annexation of portions of one municipality completely surrounded by another municipality, on its own motion or upon the petition of all of the owners of property in the completely surrounded area. In such cases the board shall conduct hearings and issue its order as in the

case of consolidations of two or more municipalities under sections 414.041, subdivisions 3 and 5, and 414.09.

Minn.Stat. § 414.061 (1980). This amendment was to be prospective in effect only and was to apply to all proceedings before the board initiated after the March 29, 1978 effective date of the act. Act of March 28, 1978, ch. 705, § 34, 1978 Minn.Laws. As such, the 1978 amendment is inapplicable to the proceedings before us.

2. The parties to this action and the trial court were provided with two interpretive statements offered by the office of the attorney general, each of which attributed a distinct meaning and rationale for the amending language of the statute.

■ The policy consideration advanced by this interpretation is found in the legislative scheme established by section 414.061. Subdivisions 1–3, dealing with abutting property, require joint action by resolution of affected municipalities since those units must preliminarily assess the affects of detachment and annexation upon the comprehensive plans developed by each. Their ability to reconcile perhaps competing interests provides a basis upon which the board may then examine the proposed action within the context of its broad supervisory view. The legislature did not therein authorize the board to exercise its jurisdiction upon the petition of landowners of abutting property, presumably to prevent self-determination by a landowner seeking services on a competitive basis from municipalities. In recognition of the need for implementation of a comprehensive scheme by a supervisory body, we cannot find that any viable policy is advanced by the interpretation of the statute offered by the landowners. Instead, section 414.061, subd. 4 is construed to apply only in the case of encircled property and the decision of the district court to the contrary is reversed.

Reversed.