**TOWNSHIP OF THOMASTOWN,**
**Respondent,**

v.

**CITY OF STAPLES, Appellant,**

**Minnesota Municipal Board, Appellant.**

**No. 81–399.**

Supreme Court of Minnesota.

Aug. 27, 1982.

Rasmussen & Ball, Minneapolis, for City of Staples.

Warren Spannaus, Atty. Gen., and Cooper S. Ashley, Sp. Asst. Atty. Gen., St. Paul, for Minnesota Municipal Bd.

Larson & Baland, Long Prairie, for respondent.

WAHL, Justice.

The City of Staples (City) initiated annexation proceedings involving 74 acres of land situated in the Township of Thomastown (Township). This appeal is from an order of the Wadena County District Court, issued on December 12, 1980 (December order), which required the Minnesota Municipal Board (Board) to terminate its proceed-

ings and enjoined the Board from holding any further proceedings on the matter. The December order amended the district court's earlier order of February 19, 1980 (February order), which provided: "The order of annexation of August 17, 1979 is vacated in whole and the matter is remanded to the Minnesota Municipal Board for further action in conformity with this decision." We affirm the order from which the appeal is taken.

The City initiated annexation proceedings on April 26, 1977, by adopting a notice of intention to annex by ordinance, pursuant to Minn.Stat. § 414.033 (1976), 74 acres situated in the Township. On July 15, 1977, a copy of the notice was filed with the Board, and the Township made a timely objection. Every resident in the area subject to annexation opposed annexation. Minnesota Statute § 414.033, subd. 3 (1976) provided that annexation by ordinance was possible "[i]f the perimeter of the area to be annexed * * is 60 percent or more bordered by the municipality."[1] The land in question is 89 percent bordered by the City.

As a result of the Township's objection, the Board was required to conduct hearings and issue its order either approving or denying annexation. Chapter 414 required that "[a]ll orders of the board * * * shall be issued within two years from the date of the first hearing" unless all parties agreed to an extension. Minn.Stat. § 414.07, subd. 1 (1976). The Board held its first hearing on September 21, 1977. A second hearing was held on August 17, 1978, and the Board issued its order, approving annexation, one year later on August 17, 1979.

On September 7, 1979, the Township timely appealed the Board's order. In its February 19, 1980, order, the district court, employing the language of the statute, "de-

1. Subdivision 3 reads in entirety:

If the perimeter of the area to be annexed by a municipality is 60 percent or more bordered by the municipality, the municipality shall serve notice of intent to annex upon the town board. The town board shall have 60 days to serve objections with the board. If no objections are forthcoming within the said 60-day period, such land may be annexed by

ordinance. If objections are filed with the board, the board shall conduct hearings and issue its order as in the case of annexations under section 414.031, subdivisions 3 and 4. Minn.Stat. § 414.033, subd. 3 (1976). In 1978, subdivision 3 was amended, limiting annexations by ordinance to areas comprising 40 acres or less. 1978 Minn. Laws, c. 705, § 17.

termined that the action of the board is unlawful and unreasonable and as to certain issues of fact involved, is not warranted by the evidence." The district court expressly noted that "[t]he appeal statute, 414.07, authorizes only a vacation of the order and remand for further proceedings."[2] In view of this statutory language, the district court ordered that "[t]he order of annexation of August 17, 1979 is vacated in whole and the matter is remanded to the Minnesota Municipal Board for further action in conformity with this decision." The district court held that the Board had made certain findings which were unsupported by the evidence in the record or which were based on extra-record evidence not presented in the two hearings that had been conducted, and that the Board had failed to make findings required by statute before an annexation order may be issued.

Subsequent to the remand order, the Board issued a notice of hearing on June 30, 1980, scheduling a further hearing for July 18, 1980. On July 17, 1980, the Township filed a motion with the district court to enjoin the Board from conducting further hearings. After arguments by the Board, City and Township, the district court issued its December 12, 1980, order amending its February order and requiring the Board to terminate the proceedings and enjoining the Board from holding any further hearings on the matter. The district court also indicated that any further hearings on the matter must be conducted pursuant to Minn.Stat. § 414.033 (1978), which limits annexation by ordinance to areas of 40 acres or less.

Both the City and the Board have appealed from the December order of the district court.

The crux of the appeal is whether Minn. Stat. § 414.07, subd. 2 (1980) permits the district court to order the Board to terminate the proceedings initiated by the City's

1977 notice of intent to annex by ordinance and to enjoin the Board from conducting further hearings.

■ Section 414.07 provides the exclusive remedy on appeal of annexation proceedings requiring the Board's approval. *Town of Stillwater v. Minnesota Municipal Commission*, 300 Minn. 211, 218, 219 N.W.2d 82, 87 (1974).

■ The district court on review may not assume legislative functions or substitute its views for that of an administrative agency. *Reserve Mining Co. v. Minnesota Pollution Control Agency*, 267 N.W.2d 720, 723 (1978). Rather:

The function of the court * * * in reviewing the determination of an administrative agency is to decide questions of law raised by the record, but not disputed questions of fact on conflicting evidence. Where there is no evidence to support an administrative finding or the evidence as a matter of law compels a finding contrary to the administrative one, as where the evidence was all one way and the administrative agency found to the contrary, the finding so made constitutes error of law, which it is the duty of the court to reverse.

*State ex rel. Spurck v. Civil Service Board*, 226 Minn. 240, 248–49, 32 N.W.2d 574, 580 (1948). *Accord, Ekstedt v. Village of New Hope*, 292 Minn. 152, 193 N.W.2d 821 (1972).

■ The law of the case determined by the reviewing court becomes the basis upon which the Board must act on remand.

Where the court's decision determines the rule of law governing subsequent administrative proceedings, its decision is not a mere "gesture," but rather a final and indisputable basis of action in all further proceedings.

\* \* \* \* \* \*

Here, if there were a remand to the board, there would be no fact question

---

**2.** Minnesota Statute § 414.07, subd. 2 (1976), which remains unamended, provided the standard by which the trial court should act, and the dispositions available:

If the court shall determine that the action of the board involved is unlawful or unreasonable or is not warranted by the evidence

in case an issue of fact is involved, the court may vacate or suspend the action of the board involved, in whole or in part, as the case may require, and thereupon the matter shall be remanded to the board for further action in conformity with the decision of the court.

for its determination * * *. If the board made a different allocation upon remand, it would be an error of law which would necessitate setting it aside.

*Spurck*, 226 Minn. at 251–52, 32 N.W.2d at 581–82 (citations omitted).

Before the Board could issue an order it would have had to make one of the following findings as required by Minn.Stat. § 414.031, subd. 4 (1976):

[T]he property proposed for annexation is now, or is about to become, urban or suburban in character * * * [or] municipal government of the property proposed for annexation is required to protect the public health, safety, and welfare in reference to plat control or land development and construction which may be reasonably expected to occur within a reasonable time thereafter.

The Board is required to deny the order of annexation if the Board "finds that the increase in revenues for the annexing municipality bears no reasonable relation to the monetary value of benefits conferred upon the annexed area." *Id.*

The District court concluded: (1) that the evidence presented did not warrant the finding that the property was or was about to become urban or suburban in character, because a substantial portion of the land was used for agriculture; (2) that the evidence did not warrant finding that municipal government is required to protect the public health, safety, and welfare in the area subject to annexation and the Board failed to make the required further finding that such protection is required "in reference to plat control or land development and construction which may be reasonably expected to occur within a reasonable time thereafter"; (3) that the evidence did not warrant finding that residents' wells and septic tanks "will cause environmental problems in the future, particularly with respect to contamination of water"; and (4) that the evidence was not sufficient to warrant a finding as to whether or not the revenue increase bears a reasonable relationship to the monetary value of benefits to be conferred because of the Board's failure to make certain findings and its reliance on extra-record evidence.

■ We have scrutinized the record and conclude that it supports the district court's review of the Board's findings. The district court, based on its review, did not substitute findings of its own but determined that "the action of the board is unlawful and unreasonable and as to certain issues of fact involved is not warranted by the evidence." Noting statutory dispositions provided in section 414.07, subd. 2, the district court ordered that the Board's "order of annexation of August 17, 1979, is vacated in whole and the matter is remanded to the Minnesota Municipal Board for further action in conformity with this decision."

What further action was the Board required to take to be in conformity with the court's decision? The Board is bound by the district court's rulings on matters of law. Where the evidence does not warrant certain findings made by the Board, those findings amount to errors of law. Here, the Board's findings, unwarranted by the evidence presented at the hearings, constituted errors of law. The district court's clarifying December order leaves no doubt as to what the court's decision in the February order had been: "The annexation order was vacated on the appeal because, in effect, statutory requirements had not been met. Because statutory requirements had not been met, the board as of August 17, 1979, should have denied annexation, or should have refused to issue an order."

The City and the Board contend that section 414.07, subd. 2 permits the Board to conduct further hearings on remand. Under the facts and circumstances of this case we do not agree. The order of the Board on the proceedings initiated by the City's 1977 notice of intent to annex by ordinance was a final order. The district court, finding the order unlawful because none of the findings required by the statute were supported by the evidence, disposed of everything but dismissal and for that remanded to the Board. When the Board failed to act in conformity with that order, the district court did not abuse its discretion by ordering the Board to terminate its jurisdiction and enjoining the Board from conducting

further proceedings on the original notice of intent to annex.

> While the Court cannot in a certiorari proceeding direct the administrative agency upon reversal of its determination as to the precise course it shall pursue, even though the court's decision is binding upon the agency, it can by writ of mandamus compel performance of a judicially determined mandatory duty.

*Spurck*, 226 Minn. at 252, 32 N.W.2d at 582 (citations omitted). Any further proceedings must be conducted pursuant to Minn. Stat. § 414.033, subd. 3 (1978).

Affirmed.

KELLEY, J., took no part in the consideration or decision of this case.