The CITY OF LAKE ELMO, Petitioner, Appellant,

v.

The CITY OF OAKDALE, Harvey Brockman, et al., Robert A. Fraser, et al., Respondents.

No. C8–90–1723.

Court of Appeals of Minnesota.

April 23, 1991.

**576**

Steven P. Carlson, Frederic W. Knaak, Roseville, for The City of Lake Elmo, petitioner.

Seldon Caswell, Oakdale, for The City of Oakdale.

Mark J. Vierling, Stillwater, for Harvey Brockman, et al.

Robert G. Lampe, Northfield, for Robert A. Fraser, et al.

Kenneth E. Raschke, Jr., St. Paul, for Minnesota Municipal Bd.

Considered and decided by DAVIES, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Respondent landowners own adjoining parcels of real property located within the boundaries of appellant City of Lake Elmo (Lake Elmo). The landowners filed a petition with the Minnesota Municipal Board (Board) for concurrent detachment and annexation of their properties from Lake Elmo to respondent City of Oakdale (Oakdale) pursuant to Minn.Stat. § 414.061, subd. 5 (1988).

The Lake Elmo city council filed a resolution with the Board opposing the landowners' petition. After proper notice and a hearing, the Board issued Findings of Fact, Conclusions of Law and Order allowing concurrent detachment and annexation. Lake Elmo sought review by Washington County District Court. After concluding the Board's decision was based on an erroneous theory of law, the trial court remanded the matter to the Board for "more defin-

itive findings after consideration of the appropriate standard."

Subsequently, the Board issued Amended Findings of Fact, Conclusions of Law and Order allowing for concurrent detachment and annexation. Lake Elmo again sought review by the trial court. The trial court affirmed the Board's amended order in all respects and judgment was entered accordingly.

Lake Elmo appeals from judgment, challenging the actions of the Board as arbitrary. We affirm.

## FACTS

Respondent landowners own adjoining tracts of land totaling approximately 91 acres. The land is presently located within the City of Lake Elmo with approximately 42% of its perimeter bordered by the City of Oakdale on the subject land's western and northern boundaries. The subject land is located immediately east of Interstate 694 and approximately 994 feet north of Interstate 94. The land is zoned rural residential. Presently no one lives on the land and it is not being used for agricultural or any other purpose.

Lake Elmo does not provide sanitary sewer service to the land. The majority of the city's needs are met with individual septic systems. Most of Lake Elmo is zoned agricultural, single-family residential, public or rural residential. The only part of Lake Elmo zoned for commercial business is south of the subject land. Lake Elmo is not developing as rapidly as Oakdale and Lake Elmo officials have indicated a preference to remain a "bedroom" community.

Both Lake Elmo and Oakdale have comprehensive plans which were reviewed by the Metropolitan Council. Concurrent detachment and annexation of the subject area was not considered in either city's comprehensive plan.

Lake Elmo's comprehensive plan anticipated there will be some commercial activity in or around the land by 1990. Lake Elmo has also developed a land-use concept plan which would designate the majority of

the land as office and commercial, and medium to high residential. However, none of the property designated in the land-use concept plan has been rezoned by Lake Elmo to correspond with the designations of the concept plan. Lake Elmo has indicated that for rezoning of the land to occur, a landowner would have to come forward with a request and a plan consistent with the land-use concept plan. Also, developers would be responsible for all costs of new or extended services.

The Oakdale land which abuts the western and northern boundaries of the subject land is presently zoned industrial development, office development, commercial, commercial retail, community commercial, multi-family and residential development.

Oakdale provides its residents with water and sanitary sewer and waste-water treatment. Oakdale is planning on constructing a water tower immediately north of the subject land to be completed within the next three years. Oakdale has indicated a willingness to extend all of its services to the land if it becomes part of Oakdale. There is an option to purchase on a portion of the subject land if sewer and water are available.

Concluding the concurrent detachment and annexation is in the best interests of the municipalities, the Board's amended order granted the landowners' petition. On review the trial court affirmed the Board's order. Lake Elmo appeals, challenging the Board's actions as arbitrary and without adequate support in the record.

## ISSUE

Was the Board's amended order allowing for concurrent detachment from Lake Elmo and annexation to Oakdale of the subject land supported by substantial evidence?

## ANALYSIS

### Standard of Review

Minn.Stat. § 414.07 (1988) provides the exclusive remedy on appeal from annexation proceedings requiring the approval of the Minnesota Municipal Board. *Township of Thomastown v. City of Staples,* 323

N.W.2d 742, 744 (Minn.1982) (citation omitted). The statute provides for an appeal from the board's order to the district court based on any of the following grounds:

(a) that the board had no jurisdiction to act;

(b) that the board exceeded its jurisdiction;

(c) that the order of the board is arbitrary, fraudulent, capricious or oppressive or in unreasonable disregard of the best interests of the territory affected; or

(d) that the order is based upon an erroneous theory of law.

Minn.Stat. § 414.07, subd. 2.

■ On review, the district court may not assume legislative functions and may not substitute its views for that of an administrative agency. *Thomastown,* 323 N.W.2d at 744. When reviewing the determination of the agency, the trial court is to decide questions of law, but not disputed questions of fact. *Id.* (citations omitted). In turn, this court must determine whether the record supports the trial court's review of the Board's findings. *See id.* at 745.

■ Findings of fact made by an agency are to be reviewed under the substantial evidence test. *Big Fish Lake Sportsmen's Club v. State,* 400 N.W.2d 416, 419 (Minn. App.1987). Application of this test requires an "independent examination of the record." *Department of National Resources v. Todd County Hearings Unit,* 356 N.W.2d 703, 708 (Minn.App.1984). Substantial evidence is defined as:

(1) more than a scintilla of evidence;

(2) such that a reasonable mind might accept it as adequate to support a conclusion; or

(3) more than "some evidence" and more than "any evidence."

*McClure v. Sports & Health Club, Inc.,* 370 N.W.2d 844, 848–9 (Minn.1985).

■ Agency decisions enjoy a presumption of correctness. *Big Fish Lake,* 400 N.W.2d at 419. If the agency has engaged in reasoned decision making and its decision is supported by substantial evidence, the reviewing court will affirm the agency

decision. *Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 825 (Minn.1977).

Citing *Northern States Power Co. v. Williams,* 343 N.W.2d 627 (Minn.1984), appellant Lake Elmo urges this court to exercise de novo review of the evidence. That case provides for de novo review where the critical evidence is documentary so as to eliminate the need of the reviewing court to rely on the fact finder's assessment of the meaning and credibility of that evidence. *Id.* at 630. Appellant's reliance on *Northern States Power* is misplaced. First, the proposition for which appellant cites *Northern States Power* is no longer the law. That case was decided before the change in Minn.R.Civ.P. 52.01, which now provides, in part, "Findings of fact, *whether based on oral or documentary evidence,* shall not be set aside unless clearly erroneous * * *." (emphasis added). Secondly, the case before us was not decided on documentary evidence only. Thirteen witnesses testified at the hearing before the Minnesota Municipal Board, filling 255 pages of transcript. While Lake Elmo correctly points out there was no testimony before the *trial court,* in this case the trial court was acting as a reviewing court, reviewing the evidence and testimony presented at the hearing before the Board. Therefore, even if *Northern States Power* were still good law, it would not be applicable to our review of this case.

## I.

Minn.Stat. § 414.061, subd. 5 (1988), provides the following:

> Property owners may initiate proceedings for the concurrent detachment of their property from one municipality and its annexation to an adjacent municipality by a petition signed by all of them. The [Minnesota municipal] board shall conduct hearings and issue its order as in the case of consolidations of two or more municipalities under section 414.041, subd. 5 and 414.09.

Minn.Stat. § 414.041, subd. 5, lists ten factors, (a) through (j), the board must consider in arriving at its decision and also provides, in part, the following:

> The board shall order the consolidation if it finds that consolidation will be for the best interests of the municipalities. In all cases, the board shall set forth the factors which are the basis for the decision.

(Emphasis added.)

In the Board's first order, the Board concluded "concurrent detachment and annexation of the subject area is in *the best interest of the property,*" referring to the subject land only, and granted the landowners' petition. On review the trial court found the Board's decision was based on an erroneous theory of law and remanded the matter to the Board with instructions to make "specific and appropriate findings in light of the reference to Minn.Stat. § 414.041, subd. 5 in Minn.Stat. § 414.061." The trial court held the Board's decision must be based on factors (a) through (j) of section 414.041, subdivision 5 *and* a determination of whether the concurrent detachment and annexation is *"for the best interests of the municipalities"*, referring to Lake Elmo and Oakdale, rather than the best interests of the subject land alone. Appellant does not challenge the trial court's interpretation of the law.

Upon remand the Board amended its Finding of Fact, Conclusions of Law and Order. After making extensive findings and concluding the concurrent detachment and annexation "will benefit the municipalities and is in the best interest of the municipalities," the Board granted the landowners' petition. The Board's reasoning was, in part, that

> [t]he concurrent detachment and annexation will allow that land which is appropriate and ready for development [the subject land] to be serviced by a community that is servicing land immediately adjacent to it [Oakdale]. It will also allow the community that wishes to remain a rural residential community to remain so [Lake Elmo].

The Board also noted that in determining whether the boundary change is in the best interests of the municipalities, the interests of the subject land itself are also a part of

the interests of Lake Elmo because the land is presently part of Lake Elmo.

In affirming the Board's amended order, the trial court concluded the following: (1) the order conformed to the direction of the trial court upon remand; (2) the board's actions "are amply supported by the record of proceedings before the board;" (3) the order is based upon a correct theory of law; (4) the Board's actions were not arbitrary, fraudulent, capricious, or oppressive; (5) the order "reasonably considers the factors listed in Minn.Stat. §§ 414.041, subd. 5, and 414.061 and the best interests of the territory and municipalities affected." The trial court concluded the Board's decision is based on "substantial evidence, and therefore, shall stand."

On appeal to this court, Lake Elmo contends the evidence does not support the conclusion concurrent detachment and annexation is in the best interest of the affected municipalities. We disagree.

The Board made extensive findings in its amended order. These amended findings address the statutory factors (a) through (j) of section 414.041, subdivision 5. The amended findings are supported by the record despite appellant's claim to the contrary.

Appellant argues that because the Board amended its findings upon remand without receiving additional testimony or evidence, the amended findings must be arbitrary. We disagree. The Board's amended findings, conclusions and order merely comply with the trial court's directions upon remand, namely, to apply the statutory factors (a) through (j) of section 404.041, subd. 5 *and* to make a determination of whether granting the landowners' petition would be in the best interests of both Lake Elmo and Oakdale.

Appellant also argues the actions of the Board are directly contrary to at least one of the statutory purposes for the empowerment of the Board, which is

to protect the integrity of land use planning in municipalities and unincorporated areas so that the public interest in efficient local government will be properly recognized and served.

Minn.Stat. § 414.01, subd. 1(5) (1988). To support this argument, appellant cites *In re City of Brooklyn Park*, 305 N.W.2d 596, 599 (Minn.1981). In *Brooklyn Park*, the court held the Board lacked jurisdiction to consider a petition for concurrent detachment and annexation initiated by landowners of property which abutted, but was not surrounded by, another city. The court stated the legislature did not

authorize the board to exercise its jurisdiction upon the petition of landowners of abutting property, *presumably to prevent self-determination by a landowner seeking services on a competitive basis from municipalities*.

*Id.* (emphasis added). However, in 1985 the legislature amended the statute, expressly authorizing the board to consider petitions brought by landowners of property abutting a neighboring city. Minn.Laws 1985 ch. 30 § 4 (adding subdivision 5 to section 414.061 which authorizes property owner initiation of proceedings for detachment/annexation).

The Board's jurisdiction to consider the landowners' petition is not an issue on appeal. Rather, Lake Elmo cites *Brooklyn Park* for the dictum contained therein as emphasized above. Despite the legislative amendment, appellant points to the language in *Brooklyn Park*, as quoted above, as demonstrative of present legislative intent. However, the 1985 amendment establishes an intent just the opposite to the quoted dictum. To adopt appellant's position would be to render subdivision 5 of section 414.061 a nullity.

Here, Lake Elmo does not presently supply sanitary and water treatment services to the subject land and would have to expend large amounts of money to do so. On the other hand, Oakdale, which is developing more rapidly than Lake Elmo, is both willing to supply those services to the subject land and in a position to do so if the land becomes a part of Oakdale. The trial court properly affirmed the Board's amended order.

## DECISION

The Board's determination to grant the landowners' petition for concurrent detach-

ment and annexation is supported by substantial evidence and demonstrates reasoned decisionmaking.

Affirmed.