TOWN OF FOREST LAKE,
Petitioner, Respondent,

v.

The MINNESOTA MUNICIPAL
BOARD, Appellant.

No. C9–92–1556.

Court of Appeals of Minnesota.

March 9, 1993.

Review Denied April 29, 1993.

Gregory G. Galler, Eckberg, Lammers, Briggs, Wolff & Vierling, Stillwater, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Kenneth E. Raschke, Jr., Asst. Atty. Gen., St. Paul, for appellant.

David K. Hebert, Hebert, Welch, Humphreys & Grindberg, P.A., Forest Lake, for Town of Forest Lake.

Considered and decided by DAVIES, P.J., and FORSBERG and PETERSON, JJ.

## OPINION

FORSBERG, Judge.

On November 13, 1991, the appellant Minnesota Municipal Board (the board) issued an order denying a petition for incorporation filed by the respondent Town of Forest Lake (the town). On review, the district court vacated the board's order and remanded the matter to the board solely for issuance of an order consistent with the court's amendments. We reverse, and reinstate the board's order denying the petition for incorporation.

## FACTS

On September 7, 1990, the town submitted a petition to the board to become an incorporated city to be named "Forest Shores." A map of the proposed corporate boundaries was attached to the town's petition, and showed that the proposed City of Forest Shores would completely surround the existing City of Forest Lake (the city).

No objection to the town's petition for incorporation was made at the November 8, 1990 hearing. Evidence presented by the town established that although it does not provide any central water service, it does provide sewer service, parks and recreational facilities, law enforcement by contract with Washington County, fire service by joint agreement with other communities, road maintenance and plowing, and garbage collection. Witnesses for the town acknowledged that if incorporated, little or no change would occur in the town's form of government or provision of services.

At the board's request, staff from the Metropolitan Council had prepared an "information submission" to present "demographic, land use, environmental, and utility information" on the proposed incorporation. The information submission contained excerpts from other sources, including "local comprehensive plans, Council policy plans, and community growth forecasts from the *Metropolitan Development and Investment Framework*" (MDIF document).

A copy of the information submission was forwarded to the town prior to the

hearing. At the hearing, the board specifically referred to the information submission as being part of the record before it, and the town made no objections. At the end of the hearing, the petition for incorporation was taken under advisement by the board.

In July 1991, the board voted to preliminarily deny the petition for incorporation. On November 13, 1991, it voted to formally deny the petition and issued findings, conclusions and an order to that effect. The town petitioned for district court review of the board's decision.

On July 17, 1992, the district court issued an order vacating the board's order denying the town's petition for incorporation. The order struck a number of the board's findings and conclusions because "based upon information other than evidence contained in the official record." The court made several amendments to the findings and conclusions, and remanded the matter to the board for the sole purpose of issuing a new order consistent with those amendments. That new order would grant the town's petition for incorporation.

## ISSUES

1. Did the district court err in concluding that the information submission was not part of the record before the board?

2. Is the board's decision arbitrary or based upon an erroneous theory of law?

## ANALYSIS

### I.

The district court concluded that the board could not rely upon any of the statements in the information submission which quote or refer to the MDIF document because that document was not placed in the record in its entirety. However, the town received a copy of the information submission prior to the hearing, and never objected to the information submission or its contents. A party failing to raise objection to the admission of evidence generally waives later challenges to the evidence. *See Gruenhagen v. Larson*, 310 Minn. 454, 457–58, 246 N.W.2d 565, 568 (1976).

■ Even if the town had timely objected, it cannot be concluded that the excerpts from the MDIF document were not part of the record. The board is required to consider this evidence. *See* Minn.Stat. § 414.-02, subd. 3(d) (1990) (in arriving at decision on petition for incorporation, one of the factors the board must consider is "[l]and use controls and planning presently being utilized in the area, including comprehensive plans for development in the area and policies of the metropolitan council"). In addition, the board "may take notice of appropriate facts, public documents, or records of a general, scientific, or technical nature by appropriate notice to all parties." Minn.R. 6000.1900, subp. 1 (1991). Finally, Minn.Stat. § 14.60, subd. 2 (1990) provides that "[d]ocumentary evidence may be received in the form of copies or excerpts, or by incorporation by reference."

The town clearly had notice that the information submission and its contents were part of the board's file and would be considered by the board in reaching its decision. The district court therefore erred in concluding this document was not part of the record, and in striking the board's findings which were supported by this document. *Cf. In re Application of Northern States Power Co.*, 440 N.W.2d 138, 141 (Minn.App.1989) (when record fails to contain document or study critical to agency's decision, decision may be set aside).

## II.

A decision by the board may be appealed upon the following grounds:

(c) that the order of the board is arbitrary, fraudulent, capricious or oppressive or in unreasonable disregard of the best interests of the territory affected;

(d) that the order is based upon an erroneous theory of law.

Minn.Stat. § 414.07, subd. 2 (1990).

■ A reviewing court must decide whether an agency's decision is based on a consideration of the relevant factors and whether there has been a clear error of judgment. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823–24, 28 L.Ed.2d 136 (1971).

However, the scope of review is narrow, and a reviewing court may not substitute its views for that of the agency. *See Township of Thomastown v. City of Staples*, 323 N.W.2d 742, 744 (Minn.1982); *City of Lake Elmo v. City of Oakdale*, 468 N.W.2d 575, 577 (Minn.App.1991).

■ The burden of proof in this case was on the town to establish that it was entitled to incorporation. *See In re Application of City of White Bear Lake*, 311 Minn. 146, 151, 247 N.W.2d 901, 904 (1976) (general rule in administrative proceedings is that burden of proof is on party seeking relief, benefits, or privilege). While the town's petition for incorporation was unopposed at the hearing, the board was not required to grant the petition. Minn.R. 6000.0600 (1991) provides that a petition to the board is "prima facie evidence of the facts contained in the Petition if not controverted by opposing parties at the hearing." However, the only "facts" contained in the town's petition involved the size, market value, and present population of the area; the governmental facilities currently being provided by the town to the area; and the town's conclusory reasons for requesting incorporation. These "facts" are not sufficient to establish that incorporation should be granted as a matter of law.

■ In reaching its decision, the board must consider:

(a) Present population, past population growth and projected population for the area;

(b) Quantity of land [and] the natural terrain of the area * * *;

(c) Present pattern of physical development in the area * * *;

(d) Land use controls and planning presently being utilized in the area * * *;

(e) Present governmental services being provided to the area * * *;

(f) Existing or potential problems of environmental pollution * * *;

(g) Fiscal data of the area * * *;

(h) Relationship and effect of the proposed incorporation on communities adjacent to the area * * *;

(i) Adequacy of town government to deliver services to the area; and

(j) Analysis of whether necessary governmental services can best be provided through incorporation or annexation to an adjacent municipality.

Minn.Stat. § 414.02, subd. 3 (1990). While the town presented evidence on some of these factors, the information submission provided evidence on the rest. The board's findings properly address each factor and are supported by the evidence presented at the hearing.

Moreover, based upon these factors, the board "may" order incorporation if it finds:

(a) the property to be incorporated is now, or is about to become, urban or suburban in character, or (b) that the existing township form of government is not adequate to protect the public health, safety, and welfare, or (c) the proposed incorporation would be in the best interests of the area under consideration. The board may deny the incorporation if the area, or a part thereof, would be better served by annexation to an adjacent municipality.

*Id.* This statute gives the board discretion to determine whether incorporation should be allowed, and expresses a preference for annexation over incorporation when the area would be better served by annexation.

In this case, the board concluded that incorporation is not in the best interests of the town or the city; that incorporation is not presently required to protect the public health, safety, or welfare in the area; and that the town "has portions that are presently urban or suburban or about to become so and is adjacent to a municipality capable of providing the additional necessary services to those portions of the [t]own." These conclusions are supported by the board's findings, and demonstrate

that the board acted within its discretion in denying the petition for incorporation.

 The district court therefore erred in reversing the board's decision, and in remanding for the sole purpose of directing the board to issue a new order consistent with the court's amendments.[1]

## DECISION

The district court's order is reversed, and the board's order denying the town's petition for incorporation is reinstated.

Reversed.

---

1. Even if the district court had been correct in concluding that the board's decision was unsupported by the evidence, the proper disposition would have been to remand the matter to allow the board to receive additional evidence or conduct additional hearings. *See* Minn.Stat. § 414.07; *cf. Reserve Mining Co. v. Minnesota Pollution Control Agency,* 267 N.W.2d 720, 723 (Minn. 1978); *In re Application of Northern States Power Co.,* 440 N.W.2d 138, 142 (Minn.App.1989). While the district court in this case remanded the matter to the board, it improperly restricted the board by directing it to issue a new order which would have granted the incorporation petition.